PER CURIAM.
The State appeals Rhonda Dunning’s sentences for lewd and lascivious act in the presence of a child under the age of sixteen and unlawful sexual activity with a minor. It contends that a preponderance of the evidence does not support the reason given by the trial court for departing downward from the sentence range recommended by the guidelines. We agree and reverse.
The reason given by the trial court for departure was “the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” The facts do not support this reason. One of the boys involved in this case advised law enforcement that he went to Dunning’s apartment with another male. Dunning gave him beer, he became intoxicated, and, after Dunning had sexual intercourse with the other male, she had intercourse with him. The other boy involved in this case advised law enforcement that he and other juveniles would go to Dunning’s apartment and they could obtain beer and marijuana there if they desired. This boy further testified that Dunning performed oral sex on him on several occasions. These facts reveal that Dunning’s behavior was neither an isolated incident nor unsophisticated.
The record does not show that Dunning showed remorse for her behavior. Although her attorney stated several times at the sentencing hearing that Dunning was remorseful, Dunning herself stated the following:
[I]t’s hard for me to say that I’m sorry for something that I didn’t do.... [Y]es, I’m sorry, I used bad judgment. I’m from Maine. We trust people down there. I didn’t want — I didn’t lock my doors at night. I didn’t lock my car when I got out of it. This place is totally different from where I came from, and I was naive to the whole thing. I tried helping people and I ended up — I’m very sorry for ever having come here. And if I hurt people, I’m very sorry.
The reason given by the trial court for imposing a downward departure sentence is not supported by a preponderance of the evidence. See § 921.001(6), Fla. Stat. (1997). Accordingly, we reverse Dunning’s sentences and remand for re-sentencing within the guidelines. Because Dunning’s sentences were the result of a plea agreement with the trial court, on remand Dunning should be given the opportunity to withdraw her plea.
Reversed and remanded for resentenc-ing.
FULMER, A.C.J., and WHATLEY and DAVIS, JJ., Concur.