744 So.2d 1134 (1999)
STATE of Florida, Appellant,
v.
Anthony BERNARD, Appellee.
No. 99-00523.
District Court of Appeal of Florida, Second District.
October 27, 1999.
*1135 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellee.
CASANUEVA, Judge.
The State has appealed a downward departure sentence imposed on Anthony Bernard for the offense of lewd and lascivious act on a child under 16, contending that the reasons for mitigation were not proven by a preponderance of the evidence. We agree and reverse and remand for resentencing.
The victim in this case, aged 12 at the time of the offense, was the sister of Mr. Bernard's wife. At the sentencing hearing Mr. Bernard's attorney stated that Mr. Bernard had apologized to the victim several times. Although Mr. Bernard's attorney claimed the victim was a "willing participant" in the sexual act, the assistant state attorney alleged that the defendant committed this crime by engaging in sexual intercourse against the child's will. Mr. Bernard was not charged with this crime until over four years after it occurred, and by the time of the sentencing hearing the victim was 17 years old. At sentencing the victim stated that she preferred that the defendant be given probation and the opportunity to attend counseling rather than prison, and the judge wrote this reason for departure on the scoresheet. In contrast, the assistant state attorney asserted that the victim's parents hoped that the defendant got "what he deserves" because he had caused the child to endure pain and suffering.
The guidelines permitted sentence was 108 to 135 months' imprisonment, but the judge departed downward, withheld adjudication, and placed the defendant on probation for five years. At the conclusion of the hearing the judge stated that his reasons for departure, in addition to the victim's preference, were that this was an isolated incident for which the defendant had shown remorse, and that the defendant was in need of treatment. On the form checklist attached to the sentencing guidelines scoresheet the judge marked those factors as mitigators.
The critical problem in this case is that, except for the victim's statements to the court, there was absolutely no evidence presented to justify the departure reasons. Instead, all of this information was presented through argument of defense counsel, and representations of an attorney alone are insufficient to form a valid basis for departure. See State v. Zumpf, 728 So.2d 347 (Fla. 2d DCA 1999). Nothing in this record demonstrates that Mr. Bernard was amenable to treatment or counseling, or that he felt any remorse for his actions. Although the inference to be drawn from the defendant's lack of prior record is that this was an isolated incident, Mr. Bernard was 24 years of age at the time he committed the crime and it might be difficult, if not impossible, to prove that he had sexual intercourse with this child in an unsophisticated manner.
The only reason with any evidentiary support is that the probationary sentence Mr. Bernard received was in line *1136 with the victim's wishes. We examined a similar situation in State v. Powell, 696 So.2d 789, 791 (Fla. 2d DCA), approved, 703 So.2d 444 (Fla.1997), a case involving domestic violence. The defendant, violently angered by an argument with his ex-girlfriend, who was his son's mother, committed an act of nonconsensual sexual intercourse. She reported the crime; he was arrested and confessed. Later, however, the victim informed the court that she did not wish to pursue charges against the defendant if it meant that he would go to jail. The defendant thus pleaded guilty in exchange for an unspecified downward departure sentence, and at the sentencing hearing the judge cited the desires of the victim as one reason for departure, in addition to the unquestionably valid reason that the defendant was amenable to and desired mental health treatment.
The court in Powell expressed concern that domestic violence victims can be particularly vulnerable to family pressure to request leniency for the defendant. Although this case is slightly different factually, there is a family connection between the victim and the defendant. Of greater concern than the family tie, however, is that this victim was just a child, even at the time of sentencing. Because the policy behind the criminalizing of certain sexual offenses is to protect children of such age and to punish harshly the offenders, the trial judge at a minimum should be required to make record findings of credibility and lack of coercion. Without this evidence, the trial court abused its discretion in departing from the guidelines on this basis. See Banks v. State, 732 So.2d 1065 (Fla.1999).
The lack of evidence to support the guidelines departure requires reversal in this case. In the normal instance we would remand for resentencing within the guidelines. See Pope v. State, 561 So.2d 554 (Fla.1990). Because this plea was induced by the court, however, the defendant on remand must be given an opportunity to withdraw his plea. If, after further proceedings, the trial court finds that sufficient evidence supports a downward departure, it may again impose a departure sentence. See State v. Holley, 702 So.2d 601 (Fla. 2d DCA 1997).
Reversed and remanded.
ALTENBERND, A.C.J., and DAVIS, J., Concur.