844 So.2d 814 (2003)
STATE of Florida, Appellant,
v.
David Wayne THOMPSON, Appellee.
No. 5D02-2546.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellant.
James R. Evans, of Evans and Alexander, Daytona Beach, for Appellee.
TORPY, J.
State challenges a downward departure sentence. We conclude that the trial court improperly departed and, therefore, reverse the sentence and remand for resentencing.
In August of 2000, Appellee was involved in a traffic accident. A dispute with police who were investigating the incident culminated in his arrest and conviction for battery on a law enforcement officer. Appellee was placed on two years' probation in March of 2001.
On November 8, 2001, Appellee was charged with aggravated assault with a deadly weapon based upon an accusation that he intentionally drove his pick-up truck towards his mother-in-law. While this charge remained pending, Appellee was arrested for resisting a police officer with violence, arising out of an incident wherein Appellee struggled with and kicked a police officer who was investigating a disturbance involving Appellee.
Appellee subsequently pled no contest to violating his probation (based on the new arrests) and to the two new felony charges. A sentencing hearing was scheduled for August 8, 2002. At the sentencing hearing, several defense witnesses testified that Appellee had been abusing alcohol. Indeed, each of the three incidences for *815 which charges were levied involved occasions wherein Appellee was under the influence of alcohol. Defense counsel acknowledged that, pursuant to sentencing guidelines, Appellee scored prison time. Counsel urged, however, that the court should depart from the guidelines due to Appellee's need for alcohol abuse rehabilitation. After having heard the testimony and arguments of the attorneys, the trial judge concluded that Appellee had "a serious problem with alcohol [that caused Appellee] to act in an unsophisticated manner." Based thereon, the court chose to impose a downward departure probationary sentence, pursuant to section 921.0026(2)(j), Florida Statutes, (2002). For the reasons stated herein, we conclude that the imposition of the departure sentence was error.
Section 921.0026, Florida Statutes, contains a non-exclusive list of mitigating circumstances a court may use as the basis for a departure sentence. One such circumstance is where the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse. § 921.0026(2)(j), Fla. Stat. This circumstance may constitute a basis for downward departure only when all three enumerated elements are found to exist. State v. White, 755 So.2d 830, 833 (Fla. 5th DCA 2000). Therefore, the offense for which departure is deemed appropriate must have been an isolated incident, committed in an unsophisticated manner, and for which the defendant had shown remorse. Id. Any departure based on these grounds must be supported by written reasons or orally pronounced findings of fact on each of the three elements. § 921.00265(2), Fla. Stat. (2002); State v. Sawyer, 753 So.2d 737 (Fla. 2d DCA 2000). Here, the trial judge only addressed the "unsophisticated manner" element but failed to state how any of the offenses were in fact committed in an unsophisticated way. The trial judge made no findings related to the other two elements, nor was there record evidence to support any conclusion that the offenses were isolated or that Appellee had shown remorse. Departure predicated upon section 921.0026(2)(j), Florida Statutes, therefore, was not proper.
Although the statutory list of mitigating circumstances upon which downward departure may be based is not intended to be exhaustive, the legislature has clearly prohibited departure on the basis of substance abuse or addiction. Section 921.0026(3), Florida Statutes, states as follows:
The defendant's substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor... and does not, under any circumstances, justify a downward departure from the permissible sentencing range.
Here, the only stated basis for the court's conclusion that departure was appropriate was a finding that Appellee abuses alcohol causing him to act in an unsophisticated manner. This basis for departure contravenes the plain language of the statute. Although the trial court properly could have imposed a departure sentence based on factors not specifically enumerated in the sentencing statute, it could not do so based on a factor specifically excluded as a valid basis for departure. The departure sentence here, therefore, cannot be affirmed.
The record in this case is unclear as to whether Appellee was induced to enter the plea by some promise or agreement as to a specific sentence, because the plea colloquy is not contained within the record on appeal. On remand, therefore, the court should determine whether Appellee entered an open plea to the court without agreement for a particular sentence. If so, the court should simply sentence Appellee *816 in accordance with the Criminal Punishment Code. § 921.002, Fla. Stat. (2001); State v. Norris, 724 So.2d 630 (Fla. 5th DCA 1998). If the record reveals that Appellee was induced to enter his plea based upon an agreement or promise for a particular sentence, Appellee shall be permitted to withdraw his plea and proceed to trial.
REVERSED and REMANDED.
PLEUS and MONACO, JJ., concur.