871 So.2d 296 (2004)
Joshua R. SMITH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D02-4229, 1D02-5001.
District Court of Appeal of Florida, First District.
April 7, 2004.
Rehearing Denied May 5, 2004.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this consolidated appeal, we affirm the appeal in Case No. 1D02-5001 without discussion. In Case No. 1D02-4229, appellate counsel filed a motion to correct sentencing errors pursuant to Florida rule of Criminal Procedure 3.800(b)(2) alleging that appellant's new split sentences for attempted lewd acts were excessive and that sex offender probation could not be imposed for grand theft. The trial court agreed and orally pronounced a corrected sentence. The trial court, however, failed to enter a written judgment and sentence to reflect the corrected oral pronouncement of sentence. Accordingly, we reverse this sentence and remand for the entry of a corrected written sentence. See Montgomery v. State, 704 So.2d 548, 551 (Fla. 1st DCA 1997).
Appellant also argues that the trial court erred in declaring appellant to be a sex offender and rejecting his argument that section 943.0435, Florida Statutes (1998), which requires the registration of *297 "sex offenders," is unconstitutional on the ground that it denies procedural due process. Appellant's argument is without merit. We have recently rejected the same constitutional challenge both under section 943.0435, see Ames v. State, 870 So.2d 203 (Fla. 1st DCA March 11, 2004), and under section 775.21, Florida's sexual predator law. See Frazier v. State, ___ So.2d ___, 2004 WL 221043, 29 Fla. Law Weekly D369 (Fla. 1st DCA, February 6, 2004), and cases cited therein. For purposes of appellant's argument that a hearing is required before the stigma of sexual offender status is imposed, the two statutes are indistinguishable because they both require an automatic determination if one of the enumerated crimes has been committed, registration for life, and criminal prosecution in the event a defendant fails to register.
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, VAN NORTWICK and LEWIS, JJ., concur.