PALMER, J.
Napoleon Powers (defendant) appeals the summary denial of his rule 3.850 mo *1252 tion, arguing that his procedural due process rights were violated when he was designated as a sexual predator.[1] He relies on Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003), in which the Third District held Florida’s Sexual Predator Act to be unconstitutional on the basis that it fails to provide minimal due process. However, this court has held that the Act is constitutional and does not violate a defendant’s procedural due process rights. See Rickman v. State, 871 So.2d 310 (Fla. 5th DCA 2004). The other district courts are in accord. See Allen v. State, 29 Fla. L. Weekly D892, - So.2d -, 2004 WL 784677 (Fla. 2d DCA April 14, 2004); Frazier v. State, 29 Fla. L. Weekly D369, — So.2d -, 2004 WL 221043 (Fla. 1st DCA Feb.6, 2004); Dejesus v. State, 862 So.2d 847 (Fla. 4th DCA 2003).
Accordingly, we affirm the denial of the defendant’s rule 3.850 motion and certify conflict with Espindola.
AFFIRMED; CONFLICT CERTIFIED.
SAWAYA, C.J. and TORPY, J., concur.

. See Fla. R.Crim. P. 3.850.