CASANUEVA, Judge.
The State appeals from the circuit court’s decision to depart downward from the sentencing guidelines in the case of Joseph Watson. Mr. Watson, a sexual offender registered in Greenville, South Carolina, relocated to Hillsborough County *380 but failed to report his presence to all of the appropriate authorities. Although Mr. Watson registered with the Hillsborough County Sheriffs Office, he did not report his new address to the Florida Department of Motor Vehicles as required by section 943.0435(3), Florida Statutes (2003). A sexual offender who fails to comply with the registration requirements of section 943.0435 commits a third-degree felony.
After he was arrested and charged, Mr. Watson entered a plea and was sentenced to time served instead of to the guideline minimum sentence of twenty-seven months’ incarceration. In its written reason for departure, the court recited its finding that Mr. Watson’s failure to report was an isolated incident, committed in an unsophisticated manner, for which he had demonstrated remorse. The State correctly argues that no evidence supports the court’s finding, and we must reverse.
Although section 921.0026(2)(j), Florida Statutes (2003), includes among its list of reasons justifying downward departure a judicial finding that the “offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse,” a deviation from the guidelines recommendation must nevertheless be grounded upon record evidence. Here, the court considered only argument of counsel; no one testified at the sentencing hearing, nor were any documents formally entered into the record. “[Representations of an attorney alone are insufficient to form a valid basis for departure.” State v. Bernard, 744 So.2d 1134, 1135 (Fla. 2d DCA 1999) (citing State v. Zumpf, 728 So.2d 347 (Fla. 2d DCA 1999)).
Because the downward departure sentence is not grounded upon record evidence, we must reverse and remand for resentencing. However, it is apparent from the transcript of the sentencing hearing that the judge was unfamiliar with the departure procedure. Accordingly, in this unique case, we remand for the court to reconsider its reasons for departure and to resentence the defendant after an eviden-tiary hearing.
Reversed and remanded for resentenc-ing.
NORTHCUTT and LaROSE, JJ„ Concur.