903 So.2d 381 (2005)
STATE of Florida, Appellant,
v.
Todd MUNRO, Appellee.
No. 2D04-5094.
District Court of Appeal of Florida, Second District.
June 17, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellant.
*382 R. Curtis Murtha, of Sandefer & Murtha, P.A., Clearwater, for Appellee.
CASANUEVA, Judge.
The State of Florida appeals from the downward departure sentence imposed on Todd Munro, who pleaded guilty to lewd and lascivious molestation of his stepdaughter. Mr. Munro admitted that the molestation occurred on at least three different occasions over a three-week span in 1996. The victim was approximately seven years old.
The charged offense, a violation of section 800.04, Florida Statutes (1995), is a second-degree felony. Mr. Munro's guideline sentence ranged between a minimum state prison term of thirty-two months and a maximum of forty months. The circuit court departed from the guideline recommendation, however, and imposed a county jail term of one year, followed by two years of community control and five years of probation. As a mitigating circumstance for departure, the court checked off the scoresheet box reciting that "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." The State correctly asserts that the circuit court erred in deviating downward from the recommended guidelines sentence on this basis, and we reverse.
When a court relies upon the fact that the offense was an isolated incident for which the defendant has demonstrated remorse, it is essential that each component of the mitigator is grounded upon competent, substantial evidence. "To support a departure based on this reason, all three elements must be shown: that the offense was committed in an unsophisticated manner, that it was an isolated incident, and that the defendant has shown remorse." State v. Falocco, 730 So.2d 765, 765 (Fla. 5th DCA 1999) (citations omitted); see also Staffney v. State, 826 So.2d 509 (Fla. 4th DCA 2002). In this case, there was no evidence to support any of the elements of this mitigator.
The circuit court conducted a hearing at which Mr. Munro changed his plea to guilty of a second-degree felony after negotiating with the State for reduction in the charges from a capital sexual battery. At the hearing, the prosecutor informed the court that the State had agreed to a two-year prison sentence followed by four years' sex offender probation. Mr. Munro's attorney, however, urged the court to depart downward from the guidelines because his client had confessed to the police without asking for an attorney and had apologized to the officers for his actions. Acknowledging that the facts in support of departure were not impressive, the defense attorney expressed a hope that the judge would consider Mr. Munro's cooperation, his lack of prior record, his wife's support, and his record of paying child support as justifying a supervisory term rather than prison. Over the prosecutor's objection, the defense attorney persuaded the judge to depart on the basis that this was an isolated incident.
The only basis for departure articulated by the judge on the record was the nature of the incident as "isolated," in spite of the fact that the defendant admitted abusing the victim at least three times. Even though this was the only charge on his record, the fact that he committed multiple acts of abuse negates a finding that this was a single, isolated incident. As the court stated in State v. Mann, 866 So.2d 179, 183 (Fla. 5th DCA 2004), "[n]ot only is there no factual support for [the defendant's] conclusion that his crimes were the result of an isolated incident, based on the record before us, to argue this as a basis for a departure sentence defies logic and common sense."
*383 Furthermore, this court has previously observed in State v. Bernard, 744 So.2d 1134, 1135 (Fla. 2d DCA 1999), that in a case such as this, in which an adult defendant has committed lewd molestation on a child victim, "it might be difficult, if not impossible, to prove that he [committed the offense] in an unsophisticated manner." On this record, the judge completely failed to address this element.
Finally, in an attempt to demonstrate that his client was remorseful, the defense attorney reported to the judge that Mr. Munro had apologized to the police for committing this crime when he was arrested. Unfortunately, "representations of an attorney alone are insufficient to form a valid basis for departure." Bernard, 744 So.2d at 1135 (citing State v. Zumpf, 728 So.2d 347 (Fla. 2d DCA 1999)). In this case, only after the court had determined to depart downward did Mr. Munro place on the record his desire to apologize and express his regret for his actions.
Because the reasons for departure are completely unsupported by competent, substantial evidence, we reverse and remand for resentencing. Because the court participated in the plea process, however, on remand the defendant must be given an opportunity to withdraw his plea. Bernard, 744 So.2d at 1136.
Reversed and remanded.
NORTHCUTT and LaROSE, JJ., Concur.