909 So.2d 971 (2005)
Jose R. GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-170.
District Court of Appeal of Florida, Third District.
September 7, 2005.
Bennett H. Brummer, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before WELLS and CORTINAS, JJ., and SCHWARTZ, Senior Judge.
WELLS, Judge.
Jose R. Garcia appeals from an order denying his motion to declare the Florida Sexual Offender Registration Act, section 943.0435, Florida Statutes (2003), unconstitutional on due process grounds. We affirm.
Garcia claims that the Act denies him procedural due process because the registration requirements of section *972 943.0435 fail to provide for a hearing to determine whether he presents a danger to the public sufficient to require registration. We disagree. The Florida Supreme Court has already rejected an identical claim with respect to the registration requirements of the Florida Sexual Predator Act, a resolution which we believe to be equally applicable here:
[T]he Florida Legislature has decided that the [Florida Sexual Predator] Act's designation, registration, and public-notification requirements, as well as the Act's other provisions, such as its employment restrictions, "shall be based on the fact of previous conviction, not the fact of current dangerousness." To provide [defendants] with hearings at which they could contest the fact of current dangerousness would be pointless. Even if they could prove that they present absolutely no threat to the public safety, the Act would still require that they be designated as "sexual predators," that they register, and that the public be notified.... "[D]ue process does not require the opportunity to prove a fact [here, that one is not dangerous] that is not material to the State's statutory scheme." The only material fact under Florida's statutory scheme, ... is the fact of a previous conviction-all of the burdens imposed by the Act, from the designation as a "sexual predator" to the registration and public-notification requirements to the employment restrictions, flow from the fact of a previous conviction-and [defendants required to register have] received "a procedurally safeguarded opportunity" to contest that fact. That is all that procedural due process requires.
Milks v. State, 894 So.2d 924, 927-28 (Fla.2005) (citations and footnotes omitted); see Navarro v. State, 888 So.2d 144, 144 (Fla. 3d DCA 2004)(finding no merit to a due process challenge to section 943.0435).
We also reject Garcia's arguments that this provision violates his substantive due process rights and adopt the analysis set forth in Doe v. Moore, 410 F.3d 1337 (11th Cir.2005), rejecting a substantive due process attack on the registration and public notification requirements of the Florida Sexual Offender Registration Act. See Hanson v. State, 905 So.2d 1036 (Fla. 5th DCA 2005)(adopting and applying the Moore court's substantive due process analysis to the Sexual Predator Act, section 775.21).
Affirmed.