925 So.2d 1052 (2006)
STATE of Florida, Appellant/Cross-Appellee,
v.
Edgar Allan SUBIDO, Appellee/Cross-Appellant.
Nos. 5D04-3922, 5D04-4228.
District Court of Appeal of Florida, Fifth District.
March 3, 2006.
Rehearing Denied April 12, 2006.
*1054 Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
Raymond L. Goodman, Altamonte Springs, for Appellee/Cross-Appellant.
THOMPSON, J.
The State appeals Edgar Allan Subido's downward departure sentence. Subido's scoresheet indicated that his lowest permissible sentence was 108 months' incarceration; the court sentenced him to two years' community control and nine years' probation. Finding no legal basis for the reasons given for departure, we reverse and remand for resentencing.
Because of the nature of the crime and the sentence imposed, we submit the following facts: In January 2004, Subido committed sexual battery while he was in a position of familial authority and while his stepdaughter was asleep, committing a first-degree felony in violation of sections 794.011(4)(a) and (8)(b), Florida Statutes (2003).[1] He was 43, and his stepdaughter was a 15-year-old ninth-grader.
The stepdaughter went to bed around ten that night. She left her bedroom door closed when she went to bed. She woke up because Subido was rubbing his fingers against and inside her vagina. She was laying on her back, but rolled over, at which point he apologized, rubbed her shoulder, kissed her head, and left.
Subido admitted in a police interview that he "did digitally penetrate her . . . but that's as far as it went." It was an anniversary of his mother's death, and he had too much to drink. After passing out on a *1055 couch, he went upstairs to tell his stepdaughter to do the dishes. She said she was cold, so he "hopped up on the bed and held her." He did not remember clearly, but if his stepdaughter said that [he] had fondled her, then he probably did. He elaborated:
I was rubbing her and I put my hand underneath and started rubbing her there . . . [o]n her stomach and around her legs and stuff like that. Just getting her warm . . . [a]nd I guess that I got between her legs and put my finger in her.
He digitally penetrated her "[p]robably not even a second."
At trial, Subido repeated this explanation with little variation. He conceded he "molested [his] daughter," but backed away from his confession of penetration; because he was drunk, he could not say that he did penetrate her. Although he could not remember exactly what happened, he was certain it lasted less than a second.
Two weeks before trial, the girl's mother relayed a message from Subido. If his stepdaughter did not testify, he could give her $5,000 for a car or something, and they would not have to go to trial. Subido explained that he offered $5,000 because he did not want the girl to have to go through a trial, and he did not want to pay his attorney for trial. On cross examination, Subido conceded he had already paid his attorney. The jury found Subido guilty of sexual battery while he was in a position of familial or custodial authority and while his stepdaughter was physically helpless.
Subido asked for a downward departure sentence. He claimed that his stepdaughter used the event to move closer to a boyfriend and drop out of high school. He also claimed that he had confessed, answered all questions, and cooperated with the court. Furthermore, the offense was committed in an unsophisticated manner because he could have done more to his stepdaughter, but, "upon the victim's awakening and pulling away[,] [Subido] did not use force or coercion or otherwise continue to commit the offense." Finally, he had no criminal record, had been a Marine, and had otherwise "lived as an exemplary citizen."
The State requested nine years' incarceration, near the bottom of the guideline sentence range. The trial court declined, finding that Subido had offered a "reasonable explanation" for the events that night. Also, Subido had military service, worked hard, and showed that he was disappointed in himself. The court found that the crime was an isolated event for which Subido was remorseful. The court decided to impose a downward departure sentence for reasons that were initially unclear:
[C]ircumstances which were associated with this particular event culminated in, which commonly comes before me, whenever you have alcohol involved, whenever you have an emotional situation, this one was celebrating the anniversary of your mother's passing, and the circumstances that can lead to a bad result, which is exactly  To say this is a bad result is an understatement.
* * *
So for those following reasons I find that there's a legal basis for a downward departure in this particular sentence. . . .
Prison is not appropriate in this particular situation. I think it's  there's basis which naturally impact upon the Court's decision, which are not legal basis, which I can't consider, naturally, your life, your background, things of that nature. Sufficient basis just from the facts that are associated with the behavior once *1056 this came to light indicate to form the basis. . . . But I think your facts surrounding your behavior after this happened show that you're worthy of the downward departure.
The State objected, noting that there was no evidence that the battery was committed in an unsophisticated matter. The court responded:
Let me just tell you why I think it was committed in an unsophisticated matter. . . .
Unsophisticated fashion, basically it was an event that was fueled by drinking, passing out, going up to the room, I'll say sort of clumsily going through this, expressing shock at his actions at that time. Unsophisticated actions based upon my experience in hearing these cases in court, based upon him not attempting to do anything that I would consider other than make a base attempt at what he succeeded in doing. There was no introduction of alcohol to the child. The child was asleep in bed, he went up there and did that. The circumstances which I have heard at trial, which I've heard through the testimony, all lead to an inescapable conclusion that it was done in an unsophisticated fashion.
(Emphasis added).
The State pointed out that Subido's inebriation could not be the basis for finding a lack of sophistication. The court responded:
Let me be more specific. Separate and apart from any alcohol consumption, the manner in which the crime was committed, the fashion in which it was committed, was unsophisticated in the Court's opinion. I had an opportunity to listen to the facts during trial. The parties discussed this beforehand. Nothing was different from what the State told me had occurred and nothing was different from what the Defense told me had occurred. And Mr. Subido told me exactly what both of you had told me before. So there's no reasonable doubt that's the fashion in which it occurred.
And I heard it, and it impressed me, and I was able to see the witnesses, hear the witnesses speak and had my firsthand impression to look at the witnesses and see the sincerity of their testimony. And there's no doubt in my mind based upon all these cases that I hear on a regular basis that this was done in an unsophisticated fashion.

With the introduction of the alcohol, that enhances to a certain extent beyond the sophistication factor, inasmuch as he was inebriated, there's been no doubt with respect to that aspect of the testimony. And that's why I detail it as being somewhat clumsy in the approach and what transpired. Is [sic] not as though I have not heard these cases before, as far as what people do to molest children, to get children under the influence, to trick children, to deceive children. This was not one of those types of cases. This was, as I say, done in a blatantly unsophisticated fashion.
(Emphasis added).
The court entered an order declaring Subido a sexual predator on 16 November 2004. The State appealed the downward departure sentence, and Subido appealed the order declaring him a sexual predator.
The issue here "is whether the reasons set forth by the trial court as the basis for the downward departure are legally valid and supported by competent, substantial evidence." State v. Mann, 866 So.2d 179, 181 (Fla. 5th DCA 2004). We hold that the basis for downward departure was not supported by competent, substantial evidence.

*1057 DISCUSSION
The provision of criminal penalties is a matter of predominantly substantive law determined by the legislature. § 921.002(1), Fla. Stat. (2003); State v. Ayers, 901 So.2d 942, 946 (Fla. 2d DCA 2005). Ordinarily, the lowest permissible guideline sentence is "assumed to be the lowest appropriate sentence for the offender being sentenced." § 921.00265(1); Mann, 866 So.2d at 181. A downward departure is prohibited unless circumstances reasonably justify the departure, which must be articulated in writing. § 921.0026(1); 921.002(1)(f); Mann, 866 So.2d at 181, 183; Ayers, 901 So.2d at 944-45; Staffney v. State, 826 So.2d 509, 511 (Fla. 4th DCA 2002). If the trial court does not articulate in writing the basis for departure, the sentence may be affirmed if the court orally pronounced on the record a valid basis for the departure. Mann, 866 So.2d at 181; State v. Thompson, 844 So.2d 814, 815 (Fla. 5th DCA 2003).
To determine whether a downward departure sentence is appropriate, the trial court follows a two-step process. Mann, 866 So.2d at 181; Staffney, 826 So.2d at 511. First, the court must determine whether there is a valid legal ground for the departure sentence, set forth in statute or case law, supported by facts proven by a preponderance of the evidence. Id. The defendant bears the burden of proof. Mann, 866 So.2d at 181. This step is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Staffney, 826 So.2d at 511; Mann, 866 So.2d at 181.
The second step requires the trial court to determine whether the departure is the best sentencing option for the defendant by weighing the totality of the circumstances. Its decision will be sustained absent an abuse of discretion. We need not reach the second step, because no competent, substantial evidence supports the legal grounds for the departure sentence. Mann, 866 So.2d at 181; Staffney, 826 So.2d at 511.

UNSOPHISTICATION AS A REASON FOR DEPARTURE
A valid basis for departure exists where "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." § 921.0026(2)(j); Mann, 866 So.2d at 182; Thompson, 844 So.2d at 815; Ayers, 901 So.2d at 945; Staffney, 826 So.2d at 511. All three elements must exist to justify departure; the offense must have been isolated, committed in an unsophisticated manner, and one for which the defendant had shown remorse. Thompson, 844 So.2d at 815 (citing State v. White, 755 So.2d 830, 833 (Fla. 5th DCA 2000)); Ayers, 901 So.2d at 945; Mann, 866 So.2d at 182-83; State v. Munro, 903 So.2d 381, 382 (Fla. 2d DCA 2005); Staffney, 826 So.2d at 511-12. However, "intoxication at the time of the offense is not a mitigating factor . . . and does not, under any circumstances, justify a downward departure from the permissible sentencing range." § 921.0026(3) (emphasis added); Thompson, 844 So.2d at 815.
The trial court did not explain the departure in writing, but the transcript shows that the court relied on the "unsophisticated manner" language in section 921.0026(2)(j). See Ayers, 901 So.2d at 945. The transcript also shows that the court's reliance on that mitigating circumstance was unwarranted. Id. The record does not support the finding that the offense was committed in an unsophisticated manner. See Mann, 866 So.2d at 183; Ayers, 901 So.2d at 945. It is difficult, if *1058 not impossible, to prove that a sexual battery against a minor occurred in an unsophisticated fashion. State v. Munro, 903 So.2d 381, 383 (Fla. 2d DCA 2005) (stating that, where the adult defendant committed lewd molestation on a child victim, it was difficult, if not impossible, to show that the crime was committed in an unsophisticated manner); State v. Bernard, 744 So.2d 1134, 1135 (Fla. 2d DCA 1999) (noting that the defendant "was 24 years of age at the time he committed the crime and it might be difficult, if not impossible, to prove that he had sexual intercourse with this child in an unsophisticated manner").
In a nearly identical case, the Fourth District held that the defendant could not show lack of sophistication. Staffney, 826 So.2d at 510. There, the assailant digitally penetrated the sleeping victim; after she awoke, he left the room after saying that it was a mistake and he had messed up. Id. Also like Subido, who claimed to have been asleep or too drunk to remember exactly what he did, the defendant in Staffney claimed that he had been asleep and unaware of his actions. Id. at 510-11. The appellate court disagreed with the trial court's assertion that the "very nature of the crime" showed that it was unsophisticated. Id. at 512. The very nature of the crime was sexual battery, precisely defined in section 794.011. Id.
It is difficult to understand how Subido's actions can be characterized as unsophisticated. Subido "waited for the victim to fall asleep, then, in a stealth-like manner, crept into the bed alongside her . . . and proceeded to commit sexual battery upon her." Staffney, 826 So.2d at 512. He had to go through several distinctive and deliberative steps in order to commit the sexual battery, including walking upstairs, opening and closing his stepdaughter's door, getting on the bed with her, and moving his hands under the bedcovers. Id. These steps are further evidence that this crime was not committed in an unsophisticated manner. See id. The trial court below characterized this as nothing more than "a base attempt at what he succeeded in doing." Of course, it is virtually impossible to describe a completed sexual battery that is not, by definition, "a base attempt at what the [assailant] succeeded in doing."

INEBRIATION AS A REASON FOR DEPARTURE
The other reasons cited by the trial court do not justify Subido's downward departure sentence as a matter of law. First, the trial court repeatedly invoked Subido's alleged inebriation to justify a downward departure.[2] The event occurred because alcohol was involved, and "it was an event that was fueled by drinking." The State observed that intoxication did not justify downward departure, but the court could not explain the departure without repeating its conviction "this was done in an unsophisticated fashion." Worse, it returned to Subido's intoxication: "With the introduction of alcohol, that enhances to a certain extent beyond the sophistication factor, inasmuch as he was inebriated . . . [a]nd that's why I detail it as being somewhat clumsy in the approach and what transpired." This contravened the plain language of the statute, which forbids the use of intoxication to justify a downward departure. See § 921.0026(3); Thompson, 844 So.2d at 815.

COMPARATIVE HEINOUSNESS AS A REASON FOR DEPARTURE
Alternatively, the trial court may have awarded the downward departure because *1059 Subido's offense was not as bad as other offenses the court had observed. The court referenced its "experience with these types of cases and . . . ability to develop a sense of apportionality amongst these types of events." Subido's actions were "[u]nsophisticated . . . based upon my experience in hearing these cases in court, based upon him not attempting to do anything that I would consider other than make a base attempt at what he succeeded in doing." Subido had not done what some "people do to molest children, to get children under the influence, to trick children, to deceive children."
Unfortunately for Subido, the law does not support downward departure merely for committing an offense less heinously than other defendants. Subido argued, and the trial court agreed, that Subido could have done more than merely digitally penetrate his stepdaughter. However, the legislature has not seen fit to make Subido's offense a lesser crime. The definition of sexual battery clearly includes digital penetration. § 794.011(1)(h).
Moreover, Subido's decision to wait until his stepdaughter was asleep was not grounds for mitigation, notwithstanding the court's "sense of apportionality" or Subido's failure to get his stepdaughter drunk before committing sexual battery. The statute provides that sexual battery on a sleeping person is a first-degree felony. See §§ 794.011(1)(e); 794.011(4)(a). Similarly, the legislature intended to punish those in positions of familial or custodial authority who commit sexual battery.[3] §§ 794.011(8)(b); 794.011(1)(h). Subido's first-degree felony mandated a minimum term of 108 months' imprisonment. The court's observation that others commit sexual battery against minors in more deceitful or persistent ways does not justify departure in this case.

APPROPRIATENESS AS A REASON FOR DEPARTURE
The trial court also felt the guideline sentence was "not appropriate in this particular situation." See Ayers, 901 So.2d at 945. However, the court may not award a downward departure merely because it disagrees with the legislative determination of sentencing policy or feels that the lowest permissible sentence is not commensurate with the crime. Id. at 945-46. "When imposing a sentence, a trial court must act within the bounds of the discretion granted by the legislature." Id. at 946; see also Mann, 866 So.2d at 183.
The court felt Subido "led a good life," citing bases, "which are not legal basis, which I can't consider . . . your life, your background, things of that nature . . . [that] I've certainly taken . . . into account." Subido's behavior "after this happened" showed he deserved the downward departure. A downward departure is not justified merely because the defendant cooperated after his offense was discovered. See State v. Munro, 903 So.2d 381, 382 (Fla. 2d DCA 2005) (rejecting the downward departure sentence for a defendant who confessed to the police, lacked a prior record, and garnered the victim's mother's support). Neither his work history nor his behavior after the sexual battery[4] support the finding that Subido committed the offense *1060 in an unsophisticated fashion. Mann, 866 So.2d at 183.
Subido failed to present sufficient evidence to prove the existence of factors justifying a departure sentence. Mann, 866 So.2d at 183-84. No competent, substantial evidence supports the finding that the crime was committed in an unsophisticated manner. See id. at 512-13. Because a preponderance of the evidence does not support the reason given by the trial court for departing downward from the sentence range, we reverse and remand for sentencing within the guidelines. See Mann, 866 So.2d at 184; Staffney v. State, 826 So.2d 509 (Fla. 4th DCA 2002); State v. Dunning, 742 So.2d 378, 379 (Fla. 2d DCA 1999).

CROSS-APPEAL
Subido cross-appeals the court's determination that he is a sexual predator without a hearing to determine his danger to the community, stating without argument or citation that the registration requirement of section 943.0435 is unconstitutional. We disagree because this issue has already been decided. See Milks v. State, 894 So.2d 924 (Fla.2005); Hanson v. State, 905 So.2d 1036 (Fla. 5th DCA 2005), rev. den., 917 So.2d 193 (Fla.2005); Linderman v. State, 884 So.2d 498 (Fla. 5th DCA 2004); Johnson v. State, 875 So.2d 1281 (Fla. 5th DCA 2004); Martin v. State, 864 So.2d 589 (Fla. 5th DCA 2004); Miller v. State, 861 So.2d 1283 (Fla. 5th DCA 2004); Garcia v. State, 909 So.2d 971, 972 (Fla. 3d DCA 2005); Smith v. State, 871 So.2d 296, 297 (Fla. 1st DCA 2004); Doe v. Moore, 410 F.3d 1337 (11th Cir.2005).
Subido's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), but review of the record reveals no issues of arguable merit. See Riley v. State, 884 So.2d 1038 (Fla. 4th DCA 2004); Rodriguez v. State, 875 So.2d 642, 643 (Fla. 2d DCA 2004).
Accordingly, we AFFIRM Subido's conviction and designation as a sexual predator, REVERSE his downward departure sentence, and REMAND for resentencing within the guidelines.
TORPY, J., concurs.
PALMER, J., dissents, with opinion.
PALMER, J., dissenting.
I respectfully dissent because I conclude that the record contains competent substantial evidence to support the trial court's determination that the crime was committed in an unsophisticated manner and, thus, it was not an abuse of discretion for the court to impose a downward departure sentence.
NOTES
[1] "`Sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object . . . ." § 794.011(1)(h). "`Physically helpless' means unconscious, asleep, or for any other reason physically unable to communicate unwillingness to an act." § 794.011(1)(e).

A person who commits sexual battery upon a person 12 years of age or older without that person's consent, when the victim is physically helpless to resist, commits a first-degree felony. § 794.011(4)(a). Regardless of consent, a person in a position of familial or custodial authority who engages in an act that constitutes "sexual battery" with a child between 12 and 18 commits a first-degree felony. § 794.011(8)(b).
[2] Admittedly, Subido's "reasonable explanation"  a fatherly attempt to warm up his stepdaughter just happened to make him digitally penetrate her  would be even more tenuous without referring to intoxication.
[3] With child abuse, "[b]ecause victims hesitate to report this crime and proof of the offense is often difficult to obtain, there is a risk that perpetrators will believe they can escape detection and punishment. As a result, there is a need for a harsh penalty to act as a sufficient deterrent." Gibson v. State, 721 So.2d 363, 369 (Fla. 2d DCA 1998).
[4] Even if Subido's behavior after the offense was relevant, his attempted bribe to prevent the victim from testifying against him did not suggest a lack of sophistication.