BERGER, J.
The State of Florida appeals the downward departure sentence imposed against Ebenezer Bosompem for the crime of attempted second degree murder. The State argues that the departure was not supported by competent, substantial evidence. We agree and reverse.[1]
It is undisputed that Bosompem, while intoxicated, choked and threatened to kill the victim. The events leading up to the incident involve Bosompem, a resident of the Orlando Rescue Mission, being asked to leave by the victim, Ronald Watson, the night manager at the Mission, for violating the Mission’s no-drinking policy. Upon being asked to leave, Bosompem pushed the victim into a corner, grabbed him by the throat, and attempted to punch him. Bosompem maintained a tight grip around the upper part of the victim’s throat, making it difficult for the victim to breathe. During the choking, the victim’s face was described as pale and turning blue, and his eyes were also bulging. The attack lasted about five minutes and did not stop until others intervened. In fact, it took the help of four people to free the victim from Bosompem’s grasp.
At sentencing, the State asked the trial court to sentence Bosompem to five years in prison, followed by five years of probation. His prior record included two convictions for misdemeanor trespass in a structure, a petit theft conviction, and three separate convictions for disorderly intoxication, all of which occurred between 2006 and 2011.
Bosompem sought a time served sentence, arguing that the incident was isolated, that he was intoxicated, showed remorse and was willing to accept the consequences of his actions. The State objected to a downward departure, based *100 on the fact that the defendant’s prior record included intoxication and trespassing. The prosecutor emphasized that all of Bosompem’s priors involved him being drunk and refusing to leave a particular place, and that this time it escalated into a physical altercation.
After stating that “intoxication is not a defense to the charge but it does provide some basis for departure,” the trial court found that the offense was committed in an unsophisticated manner and sentenced Bosompem to serve thirteen months in the Department of Corrections, a departure well below the 48.9 months he scored. The trial court did not specifically find, either in writing or orally, that the crime was isolated or that Bosompem showed remorse.
In order to depart from the guidelines, a trial court must first determine if there is a valid legal ground and adequate factual support to allow for a departure. Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). This determination presents a mixed question of law and fact that will be sustained if the trial court applies the correct law and its ruling is supported by competent, substantial evidence. Id. Second, the trial court must determine whether departing is the best sentencing option for the defendant. Id. at 1068. The trial court’s determination about whether it should depart is reviewed for an abuse of discretion. Id. “If the trial court does not articulate in writing the basis for departure, the sentence may be affirmed if the court orally pronounced on the record a valid basis for the departure.” State v. Subido, 925 So.2d 1052, 1057 (Fla. 5th DCA 2006).
A trial court may depart from the guidelines if “[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” § 921.0026(2)0'), Fla. Stat. (2011). There must be competent, substantial evidence to support all three elements. See Subido, 925 So.2d at 1057. Intoxication, however, cannot be used to justify a downward departure. § 921.0026(3), Fla. Stat. (2011) (“[T]he defendant’s substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (2) and does not, under any circumstances, justify a downward departure from the permissible sentencing range.”); see also Subido, 925 So.2d at 1057. Indeed, a reason for departure that is primarily based on the defendant’s impairment is legally insufficient. State v. Gilson, 800 So.2d 727, 730 (Fla. 5th DCA 2001).
Here, it is apparent from the record that the trial court inappropriately considered Bosompem’s intoxication as a factor to conclude that the crime was unsophisticated. This was error. Additionally, the trial court never made any specific oral or written findings that the crime was isolated or that Bosompem showed remorse. Without all three elements, the sentence cannot stand. See State v. Thompson, 844 So.2d 814, 815 (Fla. 5th DCA 2003) (“Any departure based on [section 921.0026(2)(j) ] must be supported by written reasons or orally pronounced findings of fact on each of the three elements.”). Accordingly, we reverse the sentence imposed on Bosompem and remand for resentencing within the guidelines.
AFFIRMED, in part; REVERSED, in part; and REMANDED, with instructions.
TORPY, C.J., and LAWSON, J„ concur.

. This consolidated case also involves a cross-appeal by Bosompem of his judgment and sentence. Bosompem argues that the trial court erred when it denied his motion for judgment of acquittal and when it imposed costs of investigation to the Orlando Police Department in the amount of $355. Finding no error on either issue, we affirm.