LAMBERT, J.
The State of Florida appeals the downward departure sentence imposed on *723 David Melbourne Lindsay after he pleaded guilty to one count of lewd and lascivious molestation of a minor child. Because the trial court’s grounds for the departure sentence were either legally insufficient or factually unsupported, we reverse.
Lindsay worked as a counselor in a youth and family services program when he first met the victim, who was a child assigned to the program. Lindsay became the victim’s counselor and, after counseling sessions and the victim’s involvement in the program ended, Lindsay remained friends with the child. The victim would visit Lindsay’s house and use Lindsay’s Internet to play his Xbox. Lindsay taught the child to drive when the child was 13 years of age and made financial payments for the child’s cell phone bill. Eventually, Lindsay was terminated from his employment for financially assisting the victim’s family.
Lindsay 'had known the victim for approximately one year before he committed the crime. One evening, Lindsay and the victim were watching a movie together at Lindsay’s residence, and when the victim’s eyes were closed, Lindsay put his hands down the victim’s pants and touched or massaged the child’s genitals. At the time, Lindsay was 45 years of age and had two master’s degrees. The victim was 14 years of age. The victim reported the incident to law enforcement. After law enforcement obtained additional evidence of the crime by listening to a controlled phone call between Lindsay and the victim, Lindsay was arrested. The court accepted Lindsay’s open plea of guilty and, though Lindsay’s minimum guideline sentence was 51 months in the Department of Corrections, the court imposed a significant downward departure sentence of two years of community control to be followed by ten years of probation.
“The primary purpose of sentencing [pursuant to- the Criminal Punishment Code (“CPC”) ] is to punish the offender. Rehabilitation is a desired goal of the criminal justice system but is subordinate to the goal of . punishment.” § 921.002(1)(b), Fla. Stat. (2013). In Jackson v. State, 64 So.3d 90 (Fla.2011), the Florida Supreme Court explained sentencing requirements under the CPC as follows:
Generally, a trial court must impose, at a minimum, the lowest permissible sentence calculated according to the CPC unless there is a valid reason to impose a downward departure sentence. See § 921.0024(2), Fla. Stat. (2008). For noncapital offenses committed on or after October 1, 1998, “the lowest permissible sentence provided by calculations from the total sentence points pursuant to s. 921.0024(2) is assumed to be the lowest appropriate sentence for the offender being sentenced.” § 921.00265(1), Fla. Stat. (2008).
A departure sentence is one that “decreases an offender’s sentence below the lowest permissible sentence” provided by calculations from the total sentence points. § 921.00265(2), Fla. Stat. (2008); see also Fla. R.Crim. P. 3.704(d)(27)(A). A trial court must not impose a downward departure sentence unless mitigating circumstances or factors are present which reasonably justify such a departure. §§ 921.0026(1), 921.00265(1), Fla. Stat. (2008); Fla. R.Crim. P. 3.704(d)(27). Section 921.0026(2) sets forth a nonexclusive list of mitigating factors under which a departure from the lowest permissible sentence is reasonably justified. § 921.0026(2), Fla. Stat. (2008).
Id. at 92.
This court has previously explained the appropriateness of a downward departure as follows:
*724 To determine whether a downward departure sentence is appropriate, the trial court follows a two-step process. [State v. ] Mann, 866 So.2d [179,] 181 [ (Fla. 5th DCA 2004)]; Staffney [v. State], 826 So.2d [509,] 511 [(Fla. 4th DCA 2002) ]. First, the court must determine whether there is a valid legal ground for the departure sentence, set forth in statute or case law, supported by facts proven by a preponderance of the evidence. Id. The defendant bears the burden of proof. Mann, 866 So.2d at 181. This step is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Staffney, 826 So.2d at 511; Mann, 866 So.2d at 181.
State v. Subido, 925 So.2d 1052, 1057 (Fla. 5th DCA 2006). “Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.” Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). “The second step requires the trial court to determine whether the departure is the best sentencing option for the defendant by weighing the totality of the circumstances.” Subido, 925 So.2d at 1057. Because we find that the court erred under the first step, we need not address the second step.
At sentencing, the trial court set forth two reasons for a downward departure sentence. First, the trial court found that Lindsay “cooperated with the State to resolve the current offense or any other offense.” See § 921.0026(2)©, Fla. Stat. (2013). We conclude, however, that the evidence justifying a downward departure sentence on this ground was both legally insufficient and factually unsupported. Lindsay testified at the sentencing hearing that he did not help the State resolve any other offense. Furthermore, while Lindsay may have cooperated with law enforcement regarding the current offense, “[a] downward departure sentence is not justified merely because the defendant cooperated after his offense was discovered because that cooperation did not solve a crime.” State v. Knox, 990 So.2d 665, 668 (Fla. 5th DCA 2008); see also State v. Bleckinger, 746 So.2d 553, 555 (Fla. 5th DCA 1999) (stating that “[t]he statutory mitigating factor of cooperation requires more than a confession to the authorities after arrest and pleading guilty” (footnote omitted)). Here, well before Lindsay’s cooperation, the State had already received evidence from the victim of the crime and then heard the controlled telephone call between Lindsay and the victim, which provided additional proof of the crime. Therefore, the trial court was not justified in using Lindsay’s cooperation with law enforcement as a mitigating circumstance.
Second, the trial court found that the crime “was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” See § 921.0026(2)(j), Fla. Stat. (2013). All three elements must exist to justify a departure under this ground. Subido, 925 So.2d at 1057. While the record indicates that this was an isolated incident, we find that the evidence was insufficient to establish that this crime was done in an unsophisticated manner or that Lindsay has shown the requisite remorse. Initially, we note that where “an adult defendant has committed lewd molestation on a child victim, ‘it might be difficult, if not impossible, to prove that he [committed the offense] in an unsophisticated manner.’ ” State v. Munro, 903 So.2d 381, 383 (Fla. 2d DCA 2005) (alteration in original) (quoting State v. Bernard, 744 So.2d 1134, 1135 (Fla. 2d DCA 1999)); cf. Subido, 925 So.2d at 1057-58 (“It is difficult, if not impossible, to prove that a sexual battery against a minor occurred in an unsophisticated fashion.”). Here, the record indi *725 cates that Lindsay remained friends with the victim long past the end of their professional relationship and, while the victim was at Lindsay’s residence watching a movie, Lindsay waited until the victim appeared to be sleeping, and then placed his hands in the child’s pants and massaged his genitals.
To support the trial court’s finding of unsophistication, Lindsay relies on State v. Merritt, 714 So.2d 1153 (Fla. 5th DCA 1998). However, we find this case is distinguishable. In Merritt, the almost 16-year-old victim was described as someone who “did not need to be instructed on how or what to perform,” while the defendant was described as “nervous and unable to attain an erection, and his acts were artless, simple and not refined.” 714 So.2d at 1154 n. 3. In contrast, Lindsay is a well educated 45-year-old man who has been both a teacher and a youth counselor and was molesting a 14-year-old boy that appeared to be sleeping. Accordingly, we find that the trial court’s finding of unsophistication was not supported by the evidence.
We also conclude that the following testimony from Lindsay at sentencing is legally insufficient to establish remorse:
Q: What did you do to the victim in this case?
A: Well, according to the report that I touched him inappropriately.
Q: And where did you touch the victim?
A: On his genitals.
Q: Okay. And did you actually touch the skin or overly — over his clothing?
A: I am not sure.
On cross-examination, Lindsay testified:
Q: Earlier in your testimony you said that according to the report you touched the victim on his genitals inappropriately-
A: Em-hmm.
Q: Did you do that?
A: Well, accord — again—I am — everything is still a fog for me personally because of the fact that what I was reaching for was my phone that was on the bed and realizing what took place then I immediately got up and woke him up and said, okay, it’s time for you to go to the next room.
Q: So, you’re not saying that you intentionally—
A: I did not intent—
Q: (cont’d) did this act?
A: No, I did not intentionally do this.
“Remorse” is defined as “[a] strong feeling of sincere regret and sadness over one’s having behaved badly or done harm; intense, anguished self-reproach and compunction of conscience, esp. for a crime one has committed.” Black’s Law Dictionary 1487 (10th ed. 2014). To prove the crime charged, the State was required to prove that Lindsay intentionally touched the genitals of the victim in a lewd or lascivious way. § 800.04(5), Fla. Stat. (2013). Lindsay’s testimony makes it clear that, in his mind, if he did anything, it was unintentional. This evidence is legally insufficient to demonstrate remorse.
Because the two grounds utilized by the trial judge for imposing the downward departure sentence were either legally insufficient or not supported by competent, substantial evidence, or both, the sentence is reversed. On remand, the trial court is not precluded from imposing a downward, departure sentence if such a sentence is supported by valid grounds. Jackson, 64 So.3d at 90. Otherwise, the court must impose a guideline sentence.
REVERSED and REMANDED.
PALMER and EVANDER, JJ., concur.