DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JOVAN ANDERSON,**
Appellee.

No. 4D22-171

[December 14, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 19-010252CF10A.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, for appellee.

FORST, J.

The State appeals from Appellee Jovan Anderson's downward departure sentence, arguing the trial court erred in granting Appellee's motion for downward departure from the sentencing guidelines, because it failed to find that Appellee committed the crimes in an unsophisticated manner, and no competent substantial evidence was presented to support such a finding. The State further argues the trial court's finding that the offenses were an isolated incident is not supported by substantial, competent evidence. We agree, and thus reverse and remand for resentencing.

**Background**

The probable cause affidavit describes the underlying criminal incident as follows. On August 19, 2019, Appellee was driving a vehicle that was under surveillance and being followed by law enforcement to different locations throughout Broward County. Appellee eventually stopped in the driveway of a residence. A codefendant exited the passenger side of the vehicle while Appellee "remained in the vehicle as the getaway driver." The codefendant then went to the rear of the residence and shattered the glass window of the master bedroom with a tool he was carrying. After breaking into the residence, the codefendant

returned to the vehicle, got into the passenger side, and the vehicle drove away. The law enforcement officers followed and stopped the vehicle about six miles from the crime scene. The officers conducted a search and recovered $15,000 worth of jewelry that had been stolen from the residence. Appellee was subsequently charged by information with burglary of an occupied dwelling (Count 1) and grand theft (Count 2).

While awaiting prosecution on the instant 2019 Broward County charges, Appellee was convicted in a Palm Beach County case of an earlier 2019 burglary of an unoccupied dwelling and grand theft. Appellee was sentenced to two years in prison for the Palm Beach County offenses. While serving his Palm Beach County sentence, Appellee wrote a letter to the instant case's trial court requesting it to impose a sentence that would run concurrently with the Palm Beach County sentence. Appellee expressed regret and remorse for how his actions had affected the victims and his family members.

Subsequently, Appellee filed a motion for a downward departure on the basis that "the offense[s] w[ere] committed in an unsophisticated manner and w[ere] an isolated incident for which [Appellee] has shown remorse." During the change of plea and sentencing hearing, Appellee entered a plea of no contest and the trial court adjudicated him guilty on both counts. Appellee's counsel agreed that the information and the probable cause affidavit would constitute the factual basis for the crimes.

During the sentencing phase, the State objected to Appellee's motion for a downward departure. First, the State argued the offenses were planned and deliberate, and therefore, were not unsophisticated, because Appellee had worked with a codefendant, waited in the vehicle as the getaway driver, and committed the offenses during the daytime when most people would be at work or school. Additionally, the codefendant had utilized a tool to break into the residence. Second, the State contended that Appellee's criminal history—which included convictions for (1) burglary of an occupied dwelling and possession of burglary tools in 2011 in Broward County; (2) burglary of an occupied dwelling, grand theft, and resisting without violence in 2012 in Broward County; and (3) the aforementioned 2019 burglary of an unoccupied dwelling and grand theft in Palm Beach County—demonstrated that the underlying offenses were not an isolated incident.

The trial court granted Appellee's downward departure motion over the State's objection, finding that Appellee had "met the three prongs that [he] submit[ted]. He's remorsed, that it's an isolated incident." However, the trial court never articulated a finding that Appellee had committed the offenses in an unsophisticated manner.

The instant appeal followed.

2

**Analysis**

We apply a mixed standard of review when reviewing whether the trial court erred in imposing a downward departure sentence:

> First, the appellate court must determine whether the trial court applied the correct rule of law, and whether competent, substantial evidence supports the trial court's reason for imposing a downward departure sentence. *State v. Subido*, 925 So. 2d 1052, 1057 (Fla. 5th DCA 2006); *State v. Mann*, 866 So. 2d 179, 181 (Fla. 5th DCA 2004). In making this determination, the appellate court must assess the evidence for sufficiency, not weight. *Mann*, 866 So. 2d at 181. Second, if the appellate court determines that the trial court's reason for departure was in accord with the law and supported by competent, substantial evidence, it must then decide whether the trial court was correct in determining that the downward departure sentence was the best sentencing option for the defendant by weighing the totality of the circumstances in the case. *Subido*, 925 So. 2d at 1057. The reviewing court should not disturb this determination absent an abuse of discretion. *Id.*

*State v. Simmons*, 80 So. 3d 1089, 1092 (Fla. 4th DCA 2012).

Pursuant to section 921.0026(1), Florida Statutes (2019), "[a] downward departure from the lowest permissible sentence . . . is prohibited unless there are circumstances or factors that reasonably justify the downward departure." Section 921.0026(2) provides a non-exhaustive list of mitigating circumstances or factors that may be considered, one of which is when "[1] [t]he offense was committed in an unsophisticated manner *and* [2] was an isolated incident [3] for which the defendant has shown remorse." § 921.0026(2)(j), Fla. Stat. (2019) (emphasis added). To justify a departure on this ground, "all three elements must be articulated by the trial judge and supported by the record." *State v. Cooper*, 889 So. 2d 119, 119 (Fla. 4th DCA 2004).

Here, the trial court found that Appellee had shown remorse. However, the court failed to make a finding that the offenses were committed in an unsophisticated manner. Moreover, no competent substantial evidence was presented that would support such a finding. Nor did competent substantial evidence exist to support the trial court's finding that the offenses were an isolated incident.

For the purposes of determining whether an offense was committed in an unsophisticated manner, we have explained that unsophisticated is the opposite of sophisticated, which in turn means "having acquired worldly knowledge or refinement; lacking in natural simplicity or naivete." *Staffney v. State*, 826 So.

3

2d 509, 512 (Fla. 4th DCA 2002) (quoting *State v. Fleming*, 751 So. 2d 620, 621 (Fla. 4th DCA 1999)). In other words, we have held that a crime is unsophisticated when "the acts constituting the crime are 'artless, simple, and not refined.'" *Romans v. State*, 221 So. 3d 647, 651 (Fla. 4th DCA 2017) (quoting *State v. Walters*, 12 So. 3d 298, 301 (Fla. 3d DCA 2009)).

In the instant case, the record shows that the offenses were not unsophisticated, because Appellee took planned and deliberate action to commit the crimes. Specifically, Appellee worked with a codefendant who possessed a burglary tool and broke into the residence while Appellee waited in the vehicle and acted as a getaway driver. *See State v. Salgado*, 948 So. 2d 12, 18 (Fla. 3d DCA 2006) ("[T]he defendant and co-defendant took several distinctive and deliberate steps in committing the burglary and thefts, which cannot be characterized as being simple, artless, naïve, or unrefined. Rather, their actions demonstrate that they knew what they were doing and were not unsophisticated regarding the burglary and thefts."). The fact that Appellee and the codefendant unknowingly committed the crime in front of law enforcement does not render the crime unsophisticated, but simply demonstrates that the crime was not executed as planned.

With respect to determining whether an offense is an "isolated incident," no bright-line rule exists. However, in making this determination, courts have taken into consideration "the time between offenses, the types of offenses, and whether they suggest a pattern." *Wallace v. State*, 197 So. 3d 1204, 1205 (Fla. 1st DCA 2016). Here, Appellee has a criminal record which shows that he had been convicted of burglary on three separate occasions prior to the instant case. Although two of these burglaries occurred in 2011 and 2012, the third burglary occurred in 2019, which is the same year when the underlying burglary occurred. Thus, the record demonstrates that the underlying offenses were not an isolated incident, as there is a pattern of Appellee committing burglaries.

**Conclusion**

There are cases for which a downward departure sentence is appropriate. This was not one of those cases. Because the trial court did not make findings, supported by competent substantial evidence, that the offenses were committed in an unsophisticated manner and were part of an isolated incident and, moreover, because the record would not support such findings, we vacate the downward departure sentence and reverse and remand for resentencing.

*Reversed and remanded.*

GROSS and MAY, JJ., concur.

\*     \*     \*

4

*Not final until disposition of timely filed motion for rehearing.*