453 So.2d 473 (1984)
Hazel NELSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 83-1344, 83-1345.
District Court of Appeal of Florida, Second District.
July 25, 1984.
*474 Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
This is an appeal from the judgments and sentences entered pursuant to two orders revoking the appellant's probation. We reverse.
The appellant was charged with violating her probation by shoplifting from the T G & Y department store in Temple Terrace, Florida, and by having in her possession a stolen automobile "tag."
The evidence presented at the probation revocation hearing revealed that the appellant, another woman, and three children entered T G & Y. The appellant and the children left the store, and thereafter, the other woman rushed out of the store carrying a full purse. An employee of the store testified she did not see appellant's companion place anything in the purse, but she did notice the purse was empty when the woman came into the store and full when the woman departed. The police were summoned after the appellant, who was driving an automobile with a stolen tag, refused the employee's request that she stop and return to the store. A short time later the police stopped appellant and she allowed them to view her purse and a diaper bag that was in the vehicle. The bag contained children's clothing that lacked identification of any kind. The clothes were never taken to the store for identification. The employee who witnessed the events informed the police department that the store did not wish to prosecute the shoplifting charge because she could not identify what, if anything, had been taken. The appellant testified that she did not take anything from the store.
The state presented no testimony regarding the stolen tag. The assistant state attorney, however, informed the court that he had a witness present to testify the tag had been stolen and that it was on the *475 vehicle being driven by the appellant. The appellant was allowed to present her former husband's affidavit which stated that the appellant borrowed his automobile on the day in question. The affidavit further stated that the affiant had acquired the stolen tag, had placed it on the automobile, and that the appellant had no knowledge regarding the circumstances surrounding the tag.
At the conclusion of the hearing, the court found the appellant guilty of both charges, revoked her probation, and sentenced her to two consecutive five year sentences on the underlying charges.
When viewed in a light most favorable to the state, the evidence in the instant case fails to establish that the appellant violated her probation. Evidence sufficient to support a criminal conviction is not necessary to sustain a probation revocation order. The burden of proof needed to revoke probation is the greater weight of the evidence. Ivey v. State, 308 So.2d 565 (Fla. 2d DCA 1975). Yet, where the revocation is predicated upon the commission of a crime, mere suspicion that the probationer was involved in criminal activity does not suffice. Miller v. State, 420 So.2d 631 (Fla. 2d DCA 1982).
In order to support a conviction for larceny, it is necessary to prove that the property allegedly stolen was owned by someone other than the accused. Wilcox v. State, 183 So.2d 555 (Fla. 3d DCA 1966). In the case sub judice, no evidence indicated that the articles of clothing found in appellant's possession belonged to TG & Y and not to appellant. In The Interest of E.W., a child v. State, 379 So.2d 1028 (Fla. 1st DCA 1980).
Additionally, the state failed to demonstrate that the defendant knowingly possessed an unlawful automobile license plate. In order to sustain a finding that appellant violated her probation in this regard, it would have been necessary for the state to prove knowing possession. The affidavit, which was admitted into evidence, and unrebutted, established that the appellant had no knowledge concerning this tag. Parrish v. State, 402 So.2d 530 (Fla. 3d DCA 1981).
Accordingly, this cause is reversed and remanded to the trial court for reinstatement of the original orders placing appellant on probation.
BOARDMAN, A.C.J., and SCHEB, J., concur.