651 So.2d 244 (1995)
Patrick BRENNAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1615.
District Court of Appeal of Florida, Third District.
March 8, 1995.
Michael A. Catalano, Sean J. Greene, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Doquyen T. Nguyen, Asst. Atty. Gen., for appellee.
*245 Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
GREEN, Judge.
This is an appeal from a conviction of simple trespass and petit theft after a nonjury trial. We reverse and remand with instructions to enter a judgment of acquittal and discharge the appellant from this proceeding.
Appellant is a boat repair engineer who was charged by a one count information with burglary of an unoccupied conveyance, a boat belonging to a Mark Benjamin. The evidence at trial taken in the light most favorable to the State established that appellant was contacted by Benjamin's chief mechanic, who, on behalf of Benjamin, requested appellant to make minor repairs to the boat. Appellant made the repairs by putting in a necessary part. Appellant thereafter submitted his invoice for payment. It was undisputed that the work was satisfactorily performed and the invoiced amount was reasonable. Neither Benjamin or his chief mechanic, however, ever made payment to appellant for his services rendered or the part installed. After several requests for payment, appellant contacted Benjamin's chief mechanic and advised that he [appellant] had grown impatient waiting for payment and planned to reenter the boat to remove the repair part. In response, Benjamin's mechanic testified that he basically told appellant to go ahead and remove the repair part if appellant felt that was necessary. The undisputed evidence at trial showed that appellant did subsequently enter the boat to retrieve the unpaid for repair part that he had installed.
At the conclusion of this evidence, appellant moved for a judgment of acquittal which was denied. Ultimately, the trial court adjudicated appellant guilty of trespass, a lesser included offense of burglary, as well as the misdemeanor charge of petit theft. Appellant thereafter filed his motion for new trial and/or motion for arrest of judgment in which he unsuccessfully attempted to bring to the court's attention, among other things, that petit theft was not a lesser included offense of burglary. These motions were denied and this appeal followed.
Upon the State's proper confession of error, the appellant's conviction for trespass cannot stand where the undisputed evidence disclosed that appellant had permission from the victim's agent to go onto the boat to remove appellant's unpaid for repair part. Florida Publishing Co. v. Fletcher, 340 So.2d 914 (Fla. 1976), cert. denied, 431 U.S. 930, 97 S.Ct. 2634, 53 L.Ed.2d 245 (1977) (consent, or circumstances which imply consent, is a defense to trespass); Coleman v. State, 592 So.2d 300 (Fla. 2d DCA 1991) (consent is an affirmative defense to burglary). Accordingly, that conviction is reversed and remanded with instruction to enter a judgment of acquittal on appellant's behalf for this charge.
Regrettably, the State has not also seen the merit in confessing error to appellant's conviction for petit theft  an offense for which appellant was neither charged or tried by the State and for which there was absolutely no evidence at trial to support. Rather, the State, in a cavalier fashion, argues that appellant has waived any objection to his petit theft conviction by failing to make a timely objection. In reliance upon this argument, the State cites Johnson v. State, 615 So.2d 808, 809 (Fla. 3d DCA 1993) ("waiver of a conviction and sentence on a lesser offense, which is not a permissible lesser included offense, applies where there was an opportunity and failure to object and the offense is lesser in degree and penalty than the main offense"). We find the State's position to be both legally and factually untenable.
Initially, we note that appellant was erroneously convicted of petit theft due to the trial court's mistaken assumption that petit theft is a lesser included offense of burglary. As we have previously pointed out in Johnson, it is not. In his post-trial motion for new trial and/or motion for arrest of judgment, appellant attempted, without success, to bring this to the trial court's attention. Even if we had the slightest inclination to accept the State's argument on appeal that this was "too little too late," we could not do so for two reasons. First, appellant's conviction for an offense for which he was never charged or tried by the State is fundamental *246 reversible error. Rose v. State, 507 So.2d 630 (Fla. 5th DCA 1987). As the Rose court correctly observes:
It is elementary that the conviction of a crime not charged violates constitutional due process as well as the constitutional right of the accused in all criminal cases to be informed of the nature and cause of the accusation against him. The violation of such constitutional rights constitutes fundamental error and is presumptively prejudicial and most certainly not within the discretion of any judge to permit.
Id. at 631-632.
Second, and most importantly, the State's argument on appeal completely ignores the fact that the trial evidence fails to support a theft of any kind by appellant. The undisputed evidence at trial was that appellant entered the victim's boat, with authorized permission, to remove only a repair part belonging to appellant. It is axiomatic that appellant cannot be charged and/or convicted of the theft of his own property. Thomas v. State, 526 So.2d 183 (Fla. 3d DCA), rev. denied, 536 So.2d 245 (Fla. 1988). For the foregoing reasons, appellant's conviction for petit theft is reversed as well and this cause is remanded to the trial court with instructions to discharge appellant from this proceeding.