898 So.2d 1134 (2005)
Henry Oscar JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-5031.
District Court of Appeal of Florida, First District.
March 31, 2005.
Nancy A. Daniels, Public Defender, Second Judicial Circuit; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Shasta W. Kruse, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Henry Oscar Jenkins appeals his convictions for perjury, workers' compensation fraud, and grand theft. Because the State did not present sufficient evidence to support appellant's grand theft conviction, we reverse appellant's theft conviction. We affirm in all other regards without further discussion.

*1135 I. Background

Appellant was charged with perjury, workers' compensation fraud, and grand theft in relation to a claim for workers' compensation benefits for an injury to his back that he allegedly sustained while at work. The State alleged that appellant knowingly made false statements in a deposition with his employer in order to obtain indemnity benefits and authorization for a doctor. At trial, the State presented evidence that appellant made false statements, which he did not believe to be true, and was paid workers' compensation benefits based upon his statements.
Specifically, the State presented evidence that appellant informed the employer at a deposition that he had never been treated for back pain and that he had never had a back injury of any type. The State also presented medical records indicating that appellant had visited doctors on numerous occasions between 1992 and 1996 complaining of back pain, had informed the doctors that the pain was the result of a number of different incidents, and had received prescriptions for back pain.
At the close of the evidence, appellant moved for a judgment of acquittal on the grand theft count, arguing in relevant part that the State failed to prove the effect of appellant's allegedly false statements on his entitlement to benefits. In other words, appellant argued that the State failed to prove that he was not entitled to the benefits that he received. The State argued that it was irrelevant whether appellant would have been entitled to the benefits received had he been truthful. The trial court denied the motion.

II. Sufficiency of the Evidence
In order to prove that appellant committed theft, the State was required to prove that appellant (1) knowingly, (2) obtained or endeavored to obtain, (3) the property of another, (4) with the intent to permanently or temporarily deprive the other person of the property. See § 812.014(1)(a) & (2)(c)1., Fla. Stat. (2000). The State failed to present any evidence that appellant obtained "the property of another" because it failed to prove that appellant was not entitled to the benefits the employer paid him. In order to support a theft conviction, the evidence must show that someone other than the defendant owned the subject property. See R.C. v. State, 481 So.2d 14, 15 (Fla. 1st DCA 1985); Foster v. State, 557 So.2d 634, 636 (Fla. 3d DCA 1990). One with an ownership interest in property cannot commit theft in taking it. See Brennan v. State, 651 So.2d 244, 246 (Fla. 3d DCA 1995).
The State did not present any evidence that appellant's preexisting problems, which he concealed, would have entitled him to less benefits. Instead, the State asked the trial court to assume that appellant's false statements affected his benefits in some way. Thus, the State failed to prove that the benefits that appellant obtained, whether by a fraudulent statement or not, were the property of another.[1] Appellant cannot be convicted of theft for obtaining property to which he was entitled, even if he used fraud to do so. Therefore, we reverse appellant's conviction for grand theft and remand for the trial court to enter a judgment of acquittal on the grand theft charge. Because the *1136 trial court imposed a general sentence, we remand for resentencing on appellant's remaining convictions. See McRae v. State, 355 So.2d 1252, 1253 (Fla. 2d DCA 1978).
AFFIRMED in part; REVERSED in part and REMANDED with directions.
KAHN and POLSTON, JJ., Concur; WOLF, C.J., dissents with opinion.
WOLF, C.J., Dissenting.
I dissent from that portion of the opinion reversing appellant's conviction for theft because the State failed to prove that the benefits at issue were the property of someone other than appellant. I disagree with the majority's conclusion because 1) at the time appellant endeavored to obtain the property in question (monetary benefits) in violation of the theft statute, the property was in the lawful possession of the workers' compensation carrier; 2) any claim appellant had over said property would be relevant to establish a claim of right defense, but it would not negate the State's proof of lawful possession by the workers' compensation carrier; and 3) the defense of claim of right is only available for specifically identifiable property, not fungible property such as money. See Thomas v. State, 584 So.2d 1022, 1023-1025 (Fla. 1st DCA 1991).
To prove theft, the State must prove that the item at issue is the property of someone other than the defendant. See D.S.S. v. State, 850 So.2d 459, 461 (Fla.2003) ("[T]he crime[ ] of ... theft require[s] proof that the ... stolen property belonged to `another.'"). The only proof required to support this element is evidence that the victim had a superior legal interest in the property even if the defendant may also have had some claimed right to or interest in the property. See Russ v. State, 830 So.2d 268, 269 (Fla. 1st DCA 2002) ("A co-owner of property cannot be held guilty of larceny of such property unless the other co-owner has a superior legal interest that authorizes the withholding of the property."). In most cases a mere legal right to possession of the property by the victim may be sufficient to support a violation of the theft statute. See R.C. v. State, 481 So.2d 14, 15 (Fla. 1st DCA 1986).
In the instant case it was established that the insurance carrier was in possession of the property at the time the alleged theft occurred. Appellant had nothing more than a claim of right to these funds. Thus, the State sufficiently established a superior legal right to the property by the carrier at the time the theft took place.
A claim of right to a particular piece of property may serve to negate the element of illegal intent on the part of the person who has been charged with theft; however, unlike lack of proof of ownership, a claim of right constitutes an affirmative defense that, once raised, creates a question of fact for the jury. See Thomas v. State, 584 So.2d 1022 (Fla. 1st DCA 1991) (characterizing the common law claim of right as an affirmative defense).
Additionally, in the instant case we are dealing with a claim for money rather than a dispute over specifically identifiable property. Under such circumstances this court has said that the common law claim of right defense is unavailable. See Thomas, 584 So.2d at 1023-25. Any other interpretation would allow individuals to utilize any means, other than force or violence, see id. at 1026, to obtain property from a person that they claimed owed them money without being subjected to the theft statute. For these reasons, I would affirm.
NOTES
[1] "Workers' Compensation Law creates a contractual obligation between the involved parties, so that their substantive rights become fixed at the time of the accident and injury." See Litvin v. St. Lucie County Sheriff's Dep't, 599 So.2d 1353, 1355 (Fla. 1st DCA 1992). Thus, if appellant was entitled to workers' compensation benefits, he became entitled to the benefits at the time of his injury.