DAVIS, Judge.
The State challenges the downward departure sentence the trial court imposed upon Darrick C. Issel for driving under the influence, a third or subsequent violation. Because the record does not support the trial court’s reason for departing downward, we reverse.
Issel entered an open plea to driving under the influence, a third or subsequent violation; it was his fourth DUI conviction. His Criminal Punishment Code scoresheet reflects a lowest permissible prison sentence of 19.8 months. At sentencing, the State argued that there was no legal reason for imposing a downward departure. In fact, when the trial court asked whether a suspended sentence was a legal sentence, the prosecutor stated that it was not and defense counsel stated that a suspended sentence is considered a downward departure. Ultimately, the trial court sentenced Issel to 365 days’ county jail suspended upon completion of a substance abuse program and thirty months’ DOC suspended in favor of thirty months’ probation. Issel’s scoresheet reflects that the trial court’s reason for departing downward was “extreme duress.”
“A trial court must impose a guidelines sentence unless the court finds that the evidence supports a valid reason for a departure sentence.” State v. Barnes, 753 So.2d 605, 606 (Fla. 2d DCA 2000) (citing Fla. R.Crim. P. 3.701(d)); see also Banks v. State, 732 So.2d 1065, 1067 (Fla.1999) (“[T]he court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it.”). “A sentence that departs downward from the sentencing guidelines must be supported by competent substantial evidence.” Barnes, 753 So.2d at 607.
Although extreme duress is a mitigating factor enumerated in section 921.0026(2), Florida Statutes (2002) (“The defendant acted under extreme duress or under the domination of another person.”), duress usually involves some sort of coercion or threat, see Black’s Law Dictionai°y 542 (8th ed.2004). The record here does not support the contention that Issel was driving while under the influence because he was coerced or threatened in any manner. For this reason, we must reverse his downward departure sentence and remand for resentencing.
Reversed and remanded.
SILBERMAN and WALLACE, JJ., Concur.