NORTHCUTT, Judge.
 

 A jury convicted Tony Howard of burglary of a structure, petit theft, and resisting a law enforcement officer without violence. In this appeal he contends the evidence was insufficient to support the burglary and petit theft convictions. We disagree with his argument concerning the burglary conviction, and we affirm it without further discussion. We do, however, conclude that the evidence was insufficient to support a conviction for petit theft. Therefore, we reverse that conviction and direct the trial court to discharge Howard on that offense.
 

 
 *271
 
 The charges in this case arose from a break-in at a Florida Power
 
 &
 
 Light substation. A law enforcement officer saw Howard inside the fenced perimeter of the substation. Howard ran away from the officer and, as he did, dropped a black case on the ground. The case contained a pair of binoculars.
 

 Howard’s possession of the binoculars was the basis of the petit theft charge. In order to prove a defendant guilty of that crime, the State is required to prove that he knowingly obtained or used, or endeavored to obtain or to use,
 
 “the property of
 
 another.” § 812.014(1), Fla. Stat. (2005) (emphasis supplied).
 
 See Nelson v. State,
 
 453 So.2d 473, 475 (Fla. 2d DCA 1984);
 
 see also Jenkins v. State,
 
 898 So.2d 1134, 1135 (Fla. 1st DCA 2005).
 

 Here the State failed to prove that the binoculars belonged to someone other than the defendant. The only evidence about the ownership of the binoculars came from an FPL engineer. He testified that FPL furnished binoculars to its employees but that the company did not tag or otherwise mark them as FPL property. While the brand of binoculars Howard dropped was one that the company issued, it was not the only brand the company used. No employees reported that their binoculars were missing or testified to that fact at trial. The engineer conceded that he could not establish who owned the binoculars.
 

 Accordingly, we reverse Howard’s petit theft conviction. We remand to the trial court to discharge Howard on that charge and to strike the sentence imposed for it.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND and KHOUZAM, JJ., Concur.