LaROSE, Judge.
The State appeals a downward departure prison sentence imposed on Jason Torres. See Fla. R. App. P. 9.140(c)(l)(N). It argues that the trial court’s reasoning is invalid or not supported by competent, substantial evidence. We agree, in part, and remand for further consideration.
Mr. Torres pleaded no contest to two counts of DUI manslaughter. See § 316.193(3)(c)(3)(a), Fla. Stat. (2008). Mr. Torres, the driver, and the two passengers, his friends, had been drinking together before the single-car crash.
Mr. Torres’ criminal punishment code scoresheet reflected a minimum prison sentence of 242.2 months (20.183 years). He argued at sentencing that section 921.0026(2)(f), Florida Statutes (2008), allowed for a downward departure where the victims were willing participants in the incident. Alternatively, he argued that section 921.0026(2)(j) applied because the offenses were isolated, committed in an unsophisticated manner, and because he was remorseful. The trial court rejected the latter ground but found that section 921.0026(2)(f) applied. Mr. Torres received concurrent ten-year prison terms with a four-year mandatory minimum followed by five years of probation.
In assessing whether to impose a downward departure sentence, the trial court must determine if it can depart based on a valid legal ground and adequate factual basis. Banks v. State, 732 So.2d *562 1065, 1067 (Fla.1999). We will sustain its conclusion if it applied the right rule of law and if competent, substantial evidence supports its ruling. Competent, substantial evidence is tantamount to legally sufficient evidence, which we assess for sufficiency only and not weight. Id.
The trial court also must determine if it should depart based on the totality of the circumstances, including aggravating and mitigating circumstances. We review this assessment for an abuse of discretion. Id. at 1068.
We are aware of no Florida case addressing the application of “willing participation by the victim” in the context of a DUI manslaughter offense. Most cases dealing with this mitigating factor involve sex offenses against minors. See State v. Rife, 789 So.2d 288, 296 (Fla.2001) (concluding that section 921.0016(4)(f), Florida Statutes (1997), does not prohibit as a matter of law the imposition of a downward departure sentence based on a finding that the victim was a willing participant in the incident); see also Knox v. State, 814 So.2d 1185, 1187 (Fla. 2d DCA 2002) (holding that sixteen-year-old victim’s consent could be considered as basis to impose downward departure sentence based on holding in Rife); Holland v. State, 953 So.2d 19, 21 (Fla. 2d DCA 2007) (holding child victim’s consent could be basis to impose downward departure sentence for nine counts of lewd or lascivious battery).
A trial court can mitigate a sentence based on conduct that is not sufficient to excuse the crime. Hines v. State, 817 So.2d 964, 965 (Fla. 2d DCA 2002) (reversing sentence for reconsideration in light of discretion under section ’ 921.0016(4)(f) to depart if facts so warranted in aggravated battery case where jury rejected defendant’s self-defense argument). We also recognize that, in the civil context, a passenger’s voluntary action of knowingly riding in an automobile with an intoxicated driver can implicate comparative negligence principles to reduce damage awards. See, e.g., Fla. E. Coast Ry. Co. v. Keilen, 183 So.2d 547, 549-50 (Fla. 3d DCA 1966); Gerena v. Carter, 496 So.2d 1009, 1009 (Fla. 2d DCA 1986); see also § 768.36(2), Fla. Stat. (2008) (stating that in a civil action a victim’s intoxication may preclude recovery if he or she was more than fifty percent at fault for his or her own harm).
On the facts before us, we decline any invitation to extend comparative negligence principles to the statutory sentence mitigator of “willing participation by the victim” in a criminal DUI manslaughter case. But see State v. Hinds, 85 Wash. App. 474, 936 P.2d 1135 (1997) (holding willing participant mitigating factor may be applicable in sentencing for vehicular homicide where victim provided alcohol to eighteen-year-old and allowed him to drive her automobile and causal connection is found between victim’s conduct and defendant’s recklessness).
We vacate the downward departure sentence imposed under section 921.0026(2)(f). However, the trial court legally erred when it found section 921.0026(2)(j) inapplicable. Its reliance on section 921.0026(3) and State v. Thompson, 844 So.2d 814 (Fla. 5th DCA 2003), is misplaced.
Statutory mitigators allow a downward departure sentence in DUI cases when all required elements are shown. State v. VanBebber, 848 So.2d 1046, 1049 (Fla.2003) (holding that statutory mitigator that offense was committed in an unsophisticated manner, was isolated incident, and defendant was remorseful applied in DUI case and that section 921.0026(2)(j) applies to DUI offenses and section 921.0026(3) *563 does not preclude its application); Kezal v. State, 42 So.3d 252, 256-57 (Fla. 2d DCA 2010) (remanding for resentencing for consideration of statutory mitigators of unsophisticated manner and lack of capacity to appreciate criminal nature of conduct in DUI manslaughter and DUI serious bodily injury case); see also State v. Sachs, 526 So.2d 48, 50 (Fla.1988) (stating that mitigating factors for downward departure can be based on matters such as actual remorse, lack of future threat to society, and isolated incident in DWI case, but factors taken into consideration by the guidelines cannot).
Accordingly, we affirm Mr. Torres’ judgments, vacate the sentences, and remand for the trial court to reconsider the sentences under section 921.0026(2)(j). See Kezal, 42 So.3d at 256-57.
Judgments affirmed, sentences vacated, and case remanded.
CASANUEVA, C.J., and BLACK, J., Concur.