DAMOORGIAN, J.
The State appeals a final order granting a downward departure from the sentencing guidelines for Defendant John Henry Simmons. Simmons cross-appeals his conviction and sentence for burglary of a conveyance, arguing that the trial court erred in granting the State’s request to instruct the jury on attempted burglary where the unrebutted evidence established that the burglary had been completed. We reverse the downward departure sentence for the reasons hereinafter stated. With respect to the attempted burglary instruction, we affirm because the issue was not preserved for review. Finally, we affirm without discussion the trial court’s denial of Simmons’s motion for judgment of acquittal.
Simmons was charged by information with burglary of a conveyance. The case proceeded to trial. The sole witness was a City of Palm Beach Gardens police officer. The officer described a sting operation, which was set up in the parking lot of a business. The purpose of the operation was to catch thieves stealing packages from vehicles. In order to do so, officers left an unoccupied pickup truck in the parking lot. In the back of the truck, the officers placed a box which, from its markings, appeared to contain a pressure cleaner. The scene was monitored by the testifying officer, who was positioned in an unmarked vehicle approximately sixty feet south of the truck. Simmons was observed pulling up in a vehicle from the opposite direction and parking alongside the pickup truck. Simmons exited his vehicle and walked around the pickup truck two times, at which point he reached over into the bed of the pickup truck with his hands and arms as if he was grabbing the box. Simmons then walked to the rear of the pickup truck, dropped the tailgate of the truck, reached inside the truck bed, and grabbed the box. Simmons’s arrest followed.
During the jury instructions conference, Simmons initially requested an attempted burglary instruction, but later withdrew the request. The State, however, requested the “attempt” instruction. The “attempt” instruction was given as a lesser included offense. The instruction for the lesser included offense of trespass was also given. No objection was made in connection with the instructions.
The jury returned a verdict finding Simmons guilty of attempted burglary of a conveyance. At various times during and after the trial, Simmons moved for judgment of acquittal or a new trial. However, it was not until several months after trial that defense counsel orally raised that the “attempt” instruction was improper as it was a category two lesser-included offense. The State argued that it was entitled to the instruction. On each occasion, the trial court denied Simmons’s motions.
At sentencing, Simmons moved for a downward departure sentence, arguing as a mitigating factor that the officers had, by staging the sting operation, enticed him to commit the crime. Simmons never admit *1092 ted that the crime occurred and did not assert entrapment as a defense at trial. The State objected to any departure on the grounds that the facts did not support such. The court granted the motion for downward departure based on the enticement offered by law enforcement to commit the crime. Over the State’s objection, the trial court gave Simmons a sentence less than the minimum sentence under the Criminal Punishment Code.
We first address whether the trial court erred by imposing a downward departure sentence. Appellate courts apply a mixed standard of review when analyzing a downward departure sentence. First, the appellate court must determine whether the trial court applied the correct rule of law, and whether competent, substantial evidence supports the trial court’s reason for imposing a downward departure sentence. State v. Subido, 925 So.2d 1052, 1057 (Fla. 5th DCA 2006); State v. Mann, 866 So.2d 179, 181 (Fla. 5th DCA 2004). In making this determination, the appellate court must assess the evidence for sufficiency, not weight. Mann, 866 So.2d at 181. Second, if the appellate court determines that the trial court’s reason for departure was in accord with the law and supported by competent, substantial evidence, it must then decide whether the trial court was correct in determining that the downward departure sentence was the best sentencing option for the defendant by weighing the totality of the circumstances in the case. Subido, 925 So.2d at 1057. The reviewing court should not disturb this determination absent an abuse of discretion. Id.
Section 921.0026(2), Florida Statutes (2008), sets forth a list of mitigating circumstances permitting the imposition of a downward departure from the lowest permissible guideline sentence. Nevertheless, the trial court can impose a downward departure sentence for reasons not delineated in section 921.0026(2), so long as the reason given is supported by competent, substantial evidence and is not otherwise prohibited. State v. Stephenson, 973 So.2d 1259, 1263 (Fla. 5th DCA 2008). Enticement is not one of the enumerated grounds for a departure sentence. See § 921.0026(2), Fla. Stat. (2008). However, imposition of a downward departure based on enticement is not prohibited either. Accordingly, we must review whether there was competent, substantial evidence to support the trial court’s departure.
The State argues that the facts of this case do not support a departure based on the enticement offered by law enforcement. Conversely, Simmons argues that there was competent, substantial evidence to justify the trial court’s departure sentence based upon the notion that “there would be no crime here, if [the] police did not create the situation.” In support of his argument, Simmons relies upon the Third District’s opinion in State v. Steadman, 827 So.2d 1022 (Fla. 3d DCA 2002). In Steadman, police officers bought cocaine from a defendant within 1000 feet of a school as part of a sting operation. Id. at 1024. They continued to purchase cocaine from the defendant on various occasions, delaying defendant’s arrest until they generated enough quantity of cocaine to subject defendant to a lengthy prison sentence. Id. The State conceded that was the goal. Id. The trial court sentenced the defendant to a downward departure sentence based on the fact that the officers engaged in sentence manipulation, which the State appealed. Id. at 1023. In a case of first impression, the district court affirmed, concluding that even “conduct which is not sufficient to excuse the defendant’s actions [under an entrapment defense] may still warrant a downward departure sentence” where the *1093 record adequately supports the trial court’s reason for departure. Id. at 1025.
The conduct of the officers in this case is not akin to the officers’ conduct in Stead-man. Although the officers conducted a sting operation, they had no prior contact with Simmons, and their conduct during the act consisted of observing Simmons reaching into the truck bed and grabbing a box. Even if we were to analogize enticement to entrapment, we would remain unpersuaded. Florida’s entrapment statute provides:
A law enforcement officer ... perpetrates an entrapment if, ... he or she induces or encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.
§ 777.201(1), Fla. Stat. (2008).
Other than setting up the opportunity, there is no evidence that law enforcement encouraged or induced Simmons to commit the crime where law enforcement never even spoke to Simmons until after the crime was committed. There was no evidence that Simmons was targeted in advance of committing the crime. Moreover, it was Simmons who pulled up next to the truck, got out and reached into the truck bed to grab the box. He then went to the back of the truck, dropped the tailgate of the truck, and reached inside the truck’s bed to get the box a second time. Our review of the evidence in this case leads us to the inescapable conclusion that there was not competent, substantial evidence to support the trial court’s reason for departing from a guideline sentence. As such, the trial court erred by entering a downward departure sentence.
Turning to the issue of the propriety of the jury being instructed on the lesser-included offense of attempted burglary, jury instructions are subject to the contemporaneous objection rule. See Fla. R.Crim. P. 8.390(d). Here, Simmons failed to object to the instruction at trial. In the absence of a contemporaneous objection at trial, relief regarding an error in an instruction will be granted only if the appellate court determines the error is fundamental. State v. Weaver, 957 So.2d 586, 588 (Fla.2007). Fundamental error is that which reaches “ ‘down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ” Id. (quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)). Appellate courts have been cautioned “to apply the [fundamental error] doctrine only in rare cases.” Phillips v. State, 972 So.2d 233, 236 (Fla. 4th DCA 2007). We conclude that in this case the error was not preserved and therefore affirm. Simmons points to no case law, and an independent search reveals no case law, supporting the conclusion that the giving of the attempted burglary instruction under facts similar to those present here amounted to fundamental error.
Accordingly, we reverse the downward departure sentence with instructions for the trial court to resentence Simmons within the sentencing guidelines on the attempted burglary conviction.

Reversed and Remanded.

TAYLOR and GERBER, JJ., concur.