DAMOORGIAN, C.J.
The State appeals the trial court’s downward departure sentences for the defendant in two cases. The State argues that: (1) the court’s ground for granting the downward departure sentences was unlawful; and (2) competent, substantial evidence did not support the court’s ground for the downward departure sentences. We agree with the State’s second argument and reverse.
The defendant was charged with a third DUI within ten years of his second DUI and refusal to submit to testing. Approximately nine months later, the defendant was charged with a fourth DUI, aggravated fleeing and eluding, refusal to submit to testing, and driving with a suspended license. The defendant’s third DUI was set for trial. On that charge, a jury found the defendant guilty.
The court conducted a sentencing hearing on the defendant’s third DUI. At the hearing, the defendant’s sister testified on his behalf. She stated that the defendant is a good father to his seven-year-old son and eleven-year-old daughter and that they, and other family members, miss him. She also stated that the defendant takes care of their mother and the family home. Upon the court’s questioning, the defendant’s sister further stated that around the time of his third DUI, the defendant went through a “very rough” divorce which was hard on him and his children.
The trial court, after acknowledging that the defendant scored a minimum sentence of 12.45 months in state prison, offered to impose downward departure sentences if the defendant pled to his remaining charges, including his fourth DUI. The court reasoned, in pertinent part:
I heard the facts of this case and I did hear testimony from his sister and I find his sister to be a very credible witness, and if anyone knows the inside of your family affairs it is your sister.
So realistically, I consider it to be, if you will, a potential mitigator that he is going through a difficult time in his personal life, specifically a separation and divorce. It is affecting him, it is affecting his family. It is affecting his children, and that as a result of this he turns to substance abuse, and it has come back to haunt him, and no one was injured in either one of these cases.
So, if he is willing to plead to the [remaining charges], foregoing any ap *1153 peal, if you will, in the present case, I would consider a departure sentence.
The court’s proposed downward departure was concurrent sentences on each case of two years of community control followed by three years of probation with no early termination, plus the required conditions of probation for a third and fourth DUI.
The state objected to the court’s downward departure offer. The state argued that the court’s basis for the downward departure sentences was unlawful and that the facts of the two cases did not reasonably justify downward departure sentences.
The defendant accepted the court’s downward departure offer and pled no contest to the remaining charges in both cases.
The court entered a sentencing order which mirrored its downward departure offer. The order stated that the downward departure sentences were “justified under Fla. Stat. 921.0026 as the [defendant was experiencing great difficulty in his personal life due to his divorce which made him more susceptible to substance abuse.” This appeal followed.
We apply a mixed, two-part review when analyzing a downward departure sentence. State v. Simmons, 80 So.3d 1089, 1092 (Fla. 4th DCA 2012). First, we must “determine whether the trial court applied the correct rule of law, and whether competent, substantial evidence supports” the downward departure sentences. Id. Second, we must determine whether the trial court abused its discretion in finding that the downward departure sentences were the defendant’s best sentencing option. Id.
Applying this mixed, two-part review, we conclude that the trial court erred in imposing the downward departure sentences. Section 921.0026(1), Florida Statutes (2011), provides:
A downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to [the criminal punishment code], is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Mitigating factors to be considered include, but are not limited to, those listed in subsection (2).
921.0026(1), Fla. Stat. (2011) (emphasis added). The trial court’s ground for the downward departure sentences—that the defendant was “experiencing great difficulty in his personal life due to his divorce which made him more susceptible to substance abuse”—is not one of the mitigating factors listed in section 921.0026(2). However, “the trial court can impose a downward departure sentence for reasons not delineated in section 921.0026(2), so long as the reason given is supported by competent, substantial evidence and is not otherwise prohibited.” Simmons, 80 So.3d at 1092. While no case has permitted a downward departure sentence based on the trial court’s reason here, such a reason is not otherwise prohibited by case law or the plain language of the statute. Thus, the trial court applied the correct rule of law. Cf. id. at 1092-93 (imposition of downward departure based on enticement was not prohibited and may have been upheld if the record contained competent, substantial evidence to support the departure).
However, on the record evidence before us, we conclude that there was no competent, substantial evidence to support the downward departure sentences. At the sentencing hearing, the defendant’s sister stated that around the time of his third DUI, the defendant went through a “very rough” divorce that was hard on him *1154 and his children. The trial court found the defendant’s sister to be a “very credible witness,” thus supporting the trial court’s finding that the defendant was “experiencing great difficulty in his personal life due to his divorce.” However, the defendant’s sister did not testify, as the trial court found, that this “great difficulty ... made him more susceptible to substance abuse.” Moreover, the trial court’s finding plainly ignores that before the defendant’s third DUI, he committed a first and second DUI, both of which occurred before his divorce, i.e., the “great difficulty in his personal life.”
Based on the foregoing, we reverse the trial court’s downward departure sentences and remand for resentencing.

Reversed and Remanded.

LEVINE, J., concurs.
GERBER, J., concurs in part and dissents in part with an opinion.