GERBER, J.,
concurring in part and dissenting in part.
I concur with the majority opinion’s conclusion that there was no competent, substantial evidence to support the downward departure sentences.
However, I respectfully dissent from the majority opinion’s conclusion that the trial court applied the correct rule of law in recognizing as a lawful ground for a downward departure that the defendant was “experiencing great difficulty in his personal life due to his divorce which made him more susceptible to substance abuse.” I recognize that under section 921.0026(1), Florida Statutes (2011), a downward departure sentence is permitted if “there are circumstances or factors that reasonably justify the downward departure” and that the mitigating factors to be considered for a downward departure “are not limited to ... those listed” in section 921.0026(2), Florida Statutes (2011). I also recognize that “the trial court can impose a downward departure sentence for reasons not delineated in section 921.0026(2), so long as the reason given is supported by competent, substantial evidence and is not otherwise prohibited.” State v. Simmons, 80 So.3d 1089, 1092 (Fla. 4th DCA 2012) (citation omitted). However, affirming the trial court’s recognition of this extremely vague and low standard for a downward departure sentence opens the door to a countless number of similar requests, almost as if the statutorily-enumerated grounds for a downward departure sentence did not exist.