NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                    )
                                     )
       Appellant/Cross-Appellee,     )
                                     )
v.                                   )    Case No.  2D16-2113
                                     )
WANDA LIVINGSTON IMBER,               )
                                     )
       Appellee/Cross-Appellant.     )
_____)

Opinion filed May 17, 2017.

Appeal from the Circuit Court for Polk
County; J. Dale Durrance, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellant/Cross-Appellee.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellee/Cross-
Appellant.


BADALAMENTI, Judge.

       A jury convicted Wanda Livingston Imber of grand theft and money

laundering for stealing and laundering approximately $1.6 million from her elderly,

dementia-afflicted stepfather's various investment accounts between 2007 and 2014.

Mrs. Imber's lowest permissible guidelines sentence was calculated at 25.8 years' imprisonment. The trial court departed downward and sentenced Mrs. Imber to terms of community control and probation on the basis that the victim was a "willing participant" in the theft of his own money pursuant to section 921.0026(2)(f), Florida Statutes (2007). The State appeals Mrs. Imber's sentence. We reverse the downward departure sentence and remand for imposition of a guidelines sentence. We affirm Mrs. Imber's convictions in all other respects.

In assessing whether to impose a downward departure sentence, a trial court must first determine if it can depart based on a valid legal ground supported by an adequate factual basis. State v. Torres, 60 So. 3d 560, 561-62 (Fla. 2d DCA 2011) (citing Banks v. State, 732 So. 2d 1065, 1067 (Fla. 1999)). We will affirm the trial court's conclusion if it applied the correct rule of law and if competent, substantial evidence supports its ruling. Id. at 562. In evaluating the adequacy of the evidence, we assess only the legal sufficiency of the evidence and not its weight. Id. Next, the trial court must weigh the totality of the circumstances to determine if departure is the best option for the defendant. Banks, 732 So. 2d at 1068. We review this second step for an abuse of discretion. Id.

The legislature has directed that a "downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.0024, is prohibited unless there are circumstances or factors that reasonably justify the downward departure." § 921.0026(1). The legislature has enumerated a nonexhaustive list of mitigating circumstances or factors which "reasonably justify" downward departure. § 921.0026(2)(a)-(n). One enumerated circumstance for a

reasonably justified downward departure is if the "victim was an initiator, willing participant, aggressor, or provoker of the incident." § 921.0026(2)(f).

At trial, the victim's physician testified that, in 2007, Mrs. Imber and the victim's then-wife expressed concern during a medical visit that the victim might have dementia. The victim's physician tested the victim and determined he had "the kind of dementia that waxes and wanes" and worsens over time. Likewise, two of the victim's sons testified that they noticed symptoms of dementia in the victim. In particular, one of the victim's sons testified that the victim would ask a question, "and thirty minutes later he'll ask the same question again."

In 2014, the victim's family suggested to the victim that he have his finances audited after Mrs. Imber was caught transferring money out of one of the family's investment trusts. Although the victim initially agreed to the audit, the victim later faxed a letter to his attorney stating that he refused to show his personal records to anyone and could dispose of his money in any manner he desired. Shortly after sending this letter, the victim was placed under the emergency guardianship of one of his sons, and the victim's family hired an accountant to audit the victim's finances.

The audit revealed that, from 2007 to 2014, hundreds of checks were written from the victim's personal checking account to Mrs. Imber. Suspecting that Mrs. Imber had stolen money from their father, the victim's sons provided the information from the audit to the State Attorney's Office. As a result, Mrs. Imber was charged with grand theft and multiple counts of money laundering. The jury convicted Mrs. Imber as charged, rejecting her defense that the $1.6 million in checks she received from the victim was given to her with the victim's consent.

Mrs. Imber's lowest permissible sentence was 25.8 years' imprisonment. The sentencing court departed downward based on its determination that the victim was a "willing participant" in the grand theft and money laundering incidents pursuant to section 921.0026(2)(f). The sentencing court relied on the letter the victim faxed to his attorney shortly before he was placed under emergency guardianship.

In no uncertain terms, the legislature has prohibited trial courts from departing downward from the lowest permissible sentence unless there are circumstances or factors demonstrating that the departure is reasonably justified. § 921.0026(1). Against the backdrop of this legislative mandate, we can find no Florida precedent to support the proposition that a victim of a grand theft can be a "willing participant" in the stealing of his own property.

As our court has observed, a "trial court can mitigate a sentence based on conduct that is not sufficient to excuse the crime." Torres, 60 So. 3d at 562 (citing Hines v. State, 817 So. 2d 964, 965 (Fla. 2d DCA 2002)). For example, it is reasonable to consider the actual consent of an underage victim in a statutory rape case, even though the victim's consent may be of no legal significance to the offense itself. State v. Rife, 789 So. 2d 288, 296 (Fla. 2001). In a similar vein, Florida law also allows for downward departure in murder or battery cases where the victim may have provoked the defendant, but not to such an extent that the defendant's battering or killing of the victim could be legally excused as self-defense. See Hines, 817 So. 2d at 965; State v. Tai Van Le, 553 So. 2d 258, 259 (Fla. 2d DCA 1989).

But those cases are a far cry from what we have here. There is no amount of willing participation which is legally insignificant for purposes of a theft

- 4 -

offense, yet sufficient enough for downward departure. One either consents to have his property taken or he does not. Indeed, it is inconsistent with the basic concept of theft for a theft victim to willingly participate in the stealing of his own property. See § 812.012(5), Fla. Stat. (2007) (defining the phrase "Property of another" in the Florida Anti-Fencing Act to mean "property in which a person has an interest upon which another person is not privileged to infringe without consent" (emphasis added)); see also Jenkins v. State, 898 So. 2d 1134, 1135 (Fla. 1st DCA 2005) ("One with an ownership interest in property cannot commit theft in taking it."); Brennan v. State, 651 So. 2d 244, 246 (Fla. 3d DCA 1995) ("It is axiomatic that appellant cannot be charged and/or convicted of the theft of his own property."). If the victim was a "willing participant" in this context, the victim would have necessarily consented to having his money taken, and there would have been no theft at all.[1]

Here, we have purported consent by a victim who suffered from dementia and was placed under emergency guardianship shortly after he wrote a letter refusing to participate in an audit of his finances. The trial court's attempt to fit the victim's actions into the legislature's "willing participant" mitigator is irreconcilable with the substantive nature of theft and cannot "reasonably justify" a departure. Accordingly, we hold that the victim's "willing participation" is not a valid ground for departure here. Banks, 732 So. 2d at 1067. Under the circumstances, it was reversible error for the court to depart downward on the basis that the victim willingly participated in the theft of his own money. § 812.012(5); Jenkins, 898 So. 2d at 1135; Brennan, 651 So. 2d at 246; cf.

---

[1]It is interesting to note that conflicting evidence was presented on the issue of consent in this case, but the jury necessarily found that the victim did not consent because lack of consent inheres in the crime of theft.

<u>Torres</u>, 60 So. 3d at 562 (declining to allow for a downward departure in a DUI manslaughter case, where a drunk driver crashed and killed his also-drunk passengers).

We thus hold that the trial court erred by departing downward on the basis that the victim was a willing participant in Mrs. Imber's theft of his own money pursuant to section 921.0026(2)(f). We reverse the trial court's downward departure and remand with instructions to impose a guidelines sentence. <u>See</u> <u>Shull v. Dugger</u>, 515 So. 2d 748, 750 (Fla. 1987). We affirm the trial court's rulings as to all issues raised by Mrs. Imber in her cross-appeal and affirm her convictions in all respects.

Affirmed in part; reversed in part; remanded with instructions.


KHOUZAM and CRENSHAW, JJ., Concur.