DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHIRLEY COTO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-801

[June 7, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 16-11469CF10A.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Shirley Coto ("Coto"), appeals her criminal sentence and the order denying her motion for downward departure. We reverse and remand for the trial court to consider whether Coto qualifies for a below guideline sentence on the ground that she was not the major contributor to the actions which caused the death and injuries giving rise to the charge for which she was convicted.

Coto was charged with various offenses stemming from her involvement in a two-vehicle collision that left one dead and three others injured. The relevant background facts from the case are summarized in this Court's previous opinion. *See Coto v. State*, 297 So. 3d 564 (Fla. 4th DCA 2020). A jury ultimately found Coto guilty of four counts of operating a vehicle without a valid license causing death or serious bodily injury. *See id.* at 566. We reversed three of the convictions on double jeopardy grounds and remanded for resentencing on the remaining conviction. *Id.* at 569–70.

On remand, Coto moved for a downward departure sentence. In support thereof, Coto argued she "was not the proximate cause of death"

because the other driver caused the accident. At the ensuing hearing, the trial court denied the motion, explaining: "I do not have the discretion to downward depart based on comparative liability for the injuries." The trial court thereafter sentenced Coto to the scoresheet minimum of approximately 15 years in prison. This appeal follows.

"Whether there is a valid legal ground for a downward departure is a question of law, to be reviewed *de novo*." *State v. Schultz*, 238 So. 3d 288, 290 (Fla. 4th DCA 2018) (quoting *Wynkoop v. State*, 14 So. 3d 1166, 1171 (Fla. 4th DCA 2009)).

On appeal, Coto argues the trial court erred in finding it was prohibited from considering her comparative fault as a potential basis for downward departure. We agree.

"To determine whether a downward departure sentence is appropriate, the trial court follows a two-step process." *State v. Subido*, 925 So. 2d 1052, 1057 (Fla. 5th DCA 2006). "First, the court must determine whether there is a valid legal ground for the departure sentence, set forth in statute or case law, supported by facts proven by a preponderance of the evidence." *Id.* "This step is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling." *Id.* "The second step requires the trial court to determine whether the departure is the best sentencing option for the defendant by weighing the totality of the circumstances." *Id.* Because the trial court in this case never reached the second step, we need only determine whether the trial court applied the correct rule of law in concluding no valid legal ground for departure existed. *State v. Simmons*, 80 So. 3d 1089, 1092 (Fla. 4th DCA 2012).

Section 921.0026(2), Florida Statutes (2016), "sets forth a list of mitigating circumstances permitting the imposition of a downward departure from the lowest permissible guideline sentence." *Simmons*, 80 So. 3d at 1092. "Nevertheless, the trial court can impose a downward departure sentence for reasons not delineated in section 921.0026(2), so long as the reason given is supported by competent, substantial evidence and is not otherwise prohibited." *Id.* (citing *State v. Stephenson*, 973 So. 2d 1259, 1263 (Fla. 5th DCA 2008)).

We note that comparative fault is not one of the express statutory mitigating factors enumerated in section 921.0026(2). The question, then, is whether comparative fault is a prohibited basis for seeking a downward departure sentence. To that end, the State argues comparative fault was

"expressly rejected" as a valid basis to downward depart in *State v. Torres*, 60 So. 3d 560 (Fla. 2d DCA 2011).

In *Torres*, the defendant pled no contest to two counts of DUI manslaughter. *Id.* at 561. The evidence in the case showed that defendant and his two passengers had been drinking together before the single-car crash. *Id.* The defendant, who was facing a twenty-year minimum prison sentence, moved for a downward departure sentence based on section 921.0026(2)(f), Florida Statutes. *Id.* That *express statutory mitigating factor* allows for a downward departure if "[t]he victim was an initiator, willing participant, aggressor, or provoker of the incident." § 921.0026(2)(f), Fla. Stat. Notably, the defendant did not advance any *non-statutory* bases to mitigate his sentence downward. *See Torres*, 60 So. 3d at 561. The court ultimately granted the motion on this ground and imposed a downward departure sentence. *Id.*

In reversing the downward departure sentence, the Second District recognized that while "[a] trial court can mitigate a sentence based on conduct that is not sufficient to excuse the crime," the court was "aware of no Florida case addressing the application of 'willing participation by the victim' in the context of a DUI manslaughter offense." *Id.* at 562. Based "[o]n the facts before" it, the court "decline[d] any invitation to extend comparative negligence principles to the statutory sentence mitigator of 'willing participation by the victim' in a criminal DUI manslaughter case." *Id.* Notably, in so holding, the court cited to *State v. Hinds*, 936 P.2d 1135 (Wash. Ct. App. 1997), wherein a Washington court considered comparative liability in the context of the willing participant mitigating factor. *Id.*

We reject the State's argument that the *Torres* court considered and "expressly rejected" comparative fault as a legal ground for a departure sentence under any circumstances. Not only did the *Torres* court not consider comparative fault in the context of a non-statutory mitigating factor, but the court also limited its holding to "the facts before" it, thus impliedly acknowledging that comparative fault could serve as a valid legal basis for departing under the right set of facts. As the State does not cite —nor do we find—any opinion prohibiting consideration of comparative fault as a non-statutory mitigating factor, the trial court in this case was permitted to consider comparative fault as a valid legal ground to downward depart.

Accordingly, we vacate the sentence imposed by the trial court and remand for a new sentencing hearing allowing for consideration of Coto's comparative fault in determining whether a downward departure sentence

is appropriate.  Our holding should not be interpreted to mean Coto has met her burden of proving by a preponderance of the evidence that there was comparative fault in this case sufficient to justify a departure sentence or that the court should exercise its discretion and impose a departure sentence.  *See Subido*, 925 So. 2d at 1057 (recognizing "[t]he defendant bears the burden of proof" in establishing the legal ground asserted is "supported by facts proven by a preponderance of the evidence").

*Reversed and remanded.*

WARNER and CONNER, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***