# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Nos. 1D2022-2271
1D2022-2272

———————————————

STATE OF FLORIDA,

    Appellant,

    v.

DANIEL LEANDER MCCALL,

    Appellee.

———————————————

On appeal from the Circuit Court for Dixie County.
Jennifer Jones Johnson, Judge.

November 29, 2023

PER CURIAM.

Appellant, the State of Florida, challenges the trial court's imposition of a downward departure sentence in these consolidated appeals. As the State argues, and as the trial court acknowledged below, any duress Appellee, Daniel Leander McCall, was facing at the time he committed the offenses at issue is not the duress intended by the Legislature in its list of mitigating circumstances justifying a downward departure sentence in section 921.0026(2), Florida Statutes. *See State v. Issel*, 919 So. 2d 719, 720 (Fla. 2d DCA 2006) (explaining that duress usually involves some sort of coercion or threat). There was no evidence presented in the underlying cases that Appellee acted under coercion or threat.

As for the trial court's finding that Appellee was emotionally distressed when he committed the offenses, a trial court may impose a downward departure sentence for reasons not delineated in section 921.0026(2) if the reason given is supported by competent, substantial evidence and is not otherwise prohibited. *See State v. Thompkins*, 113 So. 3d 95, 98 (Fla. 5th DCA 2013). The State contends that although emotional distress may be an appropriate mitigating factor in some cases, the trial court's finding of emotional distress in this case was not supported by competent, substantial evidence. We agree. The records before us in these appeals are devoid of any of the evidence relied upon by the trial court in finding that Appellee was emotionally distressed.

Accordingly, we reverse the trial court's imposition of a downward departure sentence and remand for resentencing. *See State v. Montanez*, 133 So. 3d 1151, 1154 (Fla. 4th DCA 2014) (holding that the trial court's reason for the downward departure sentences – that the appellee was "experiencing great difficulty in his personal life due to his divorce which made him more susceptible to substance abuse" – was not supported by competent, substantial evidence).

REVERSED and REMANDED for resentencing.

LEWIS, WINOKUR, and M.K. THOMAS, JJ., concur.

―――――――――――――――――――

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

―――――――――――――――――――

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellant.

Jessica J. Yeary, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellee.