DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

WINSTON MORGAN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0125

_____

December 31, 2025

Appeal from the Circuit Court for Sarasota County; Dana Moss, Judge.

Blair Allen, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Laura Dempsey, Assistant Attorney General, Tampa, for Appellee.

SMITH, Judge.

Winston Morgan appeals his sentences[1] rendered after he pleaded no contest to forty counts of possession of child pornography and one

_____

[1] Mr. Morgan does not seek appellate review of his convictions, as such, his convictions are affirmed, and our review is limited to his sentences.

count of transmission of child pornography by electronic device. Mr. Morgan contends the trial court erred when it denied his motion for downward departure. We agree.

The trial court employs a two-step process when ruling on a motion for downward departure:

> First, the court must determine whether it *can* depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by "a preponderance of the evidence." This aspect of the court's decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.

> Second, where the step 1 requirements are met, the trial court further must determine whether it *should* depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case. In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Discretion is abused only where no reasonable person would agree with the trial court's decision.

*Banks v. State*, 732 So. 2d 1065, 1067-68 (Fla. 1999) (footnotes omitted).

In this case Mr. Morgan argued for a youthful offender sentence under section 958.04, Florida Statutes (2021). He also sought a downward departure sentence based on section 921.0026(2)(d), (i), and (j), Florida Statutes (2021), and the parties discussed section 921.0026(2)(c) at the evidentiary hearing. Over the course of two days,

Mr. Morgan put forth unrebutted evidence at the evidentiary hearing related to his autism diagnosis—specifically the social deficits and the compulsive, repetitive, and obsessive features that are inherent in that diagnosis.

At the conclusion of the hearing, the trial court stated: "The only way around the bottom of the guidelines is to make a determination that [Mr. Morgan] qualifies for a downward departure under [section] 921.0026.  And what's been argued before the [c]ourt today is a downward departure for youthful offender."  Ultimately, the trial court ruled: "I don't think it's appropriate for me to sentence [Mr. Morgan] as a youthful offender.  Which leaves me with *no alternative* but to sentence him on Counts I through XLIV to 536.550 months."  (Emphasis added.)  This was the bottom of the guidelines sentence.

However, contrary to the trial court's statement that the only ground argued at the hearing was for a downward departure as a youthful offender, Mr. Morgan did in fact put on unrebutted evidence to support his argument that "there are circumstances or factors that reasonably justify [a] downward departure" under section 921.0026(1)—specifically related to his autism diagnosis.[2]  Based on the trial court's misconstruction of the record, it erroneously found that it had "no alternative" but to sentence Mr. Morgan according to his criminal punishment code scoresheet.  However, because another ground for

---

[2] We note that the list of mitigating factors contained in section 921.0026(2) is not an exhaustive list of "circumstances or factors that [could] reasonably justify [a] downward departure."  § 921.0026(1); *see also Coto v. State*, 366 So. 3d 1, 3 (Fla. 4th DCA 2023) ("[T]he trial court can impose a downward departure sentence for reasons not delineated in section 921.0026(2), so long as the reason given is supported by competent, substantial evidence and is not otherwise prohibited." (quoting *State v. Simmons*, 80 So. 3d 1089, 1092 (Fla. 4th DCA 2012))).

departure had been asserted by Mr. Morgan and was supported by competent substantial evidence at the hearing, the trial court's misconception that it had "no alternative" but to sentence Mr. Morgan according to his scoresheet constituted error under the first step of the *Banks* test. *See Soto v. State*, 377 So. 3d 1232, 1234 (Fla. 2d DCA 2024) ("Where the trial court erroneously believes that it legally does not have the discretion to depart, the reviewing court must reverse the sentence." (citing *Kezal v. State*, 42 So. 3d 252, 254 (Fla. 2d DCA 2010))).

Accordingly, we reverse Mr. Morgan's sentences and remand for a new sentencing hearing before a different judge. *See Barnhill v. State*, 140 So. 3d 1055, 1061-62 (Fla. 2d DCA 2014) (reversing sentence and remanding for resentencing before a different judge where sentencing court failed to consider whether the defendant was entitled to a downward departure based upon the test set forth in *Banks*).

Affirmed in part, reversed in part, and remanded with instructions.

MORRIS and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.